497 P.2d 830

Charles L. EVANS, Appellant,

v.

Gwen A. EVANS, Appellee.

No. 2 CA–CIV 1156.

Court of Appeals of Arizona,
Division 2.

June 6, 1972.

Bernard Weinstein, Tucson, for appellant.

Martin S. Rogers, Tucson, for appellee.

HOWARD, Judge.

This is an appeal from an order dismissing appellant's "Petition for Order to Show Cause." Appellant, Charles L. Evans, and appellee, Gwen A. Evans, were divorced on February 20, 1970, at which time it was ordered that their three children, Pamela, Scott and Lori, would remain in the custody of the wife who was to receive $100 per month child support for each child. The decree of divorce further provided that the wife was to receive $150 per month alimony and was entitled to occupy, exclusive of the husband, the parties' residence, the title to which was to remain in both parties as tenants in common, so long as she made the payments on the mortgage and paid the taxes. The parties also retained their interest in 13 acres of unimproved land, lying adjacent to the residence, as tenants in common.

The husband, in his petition filed September 17, 1971, alleged: (1) That the husband had the care, custody and control of the parties' minor child Scott since February, 1971, and that although the wife had consented to the change in custody, she had failed, refused and neglected to sign a stipulation authorizing the court to change said custody; (2) that the wife has remarried but has failed, refused, and neglected

to sign a stipulation terminating her right to receive alimony from her husband; (3) that the wife, in consideration for receiving substantial property rights from the husband, had agreed to relinquish all claims for child support; and (4) that the wife had agreed to the above changes but had, without just cause, refused to execute the necessary documents to effectuate the agreements.

The husband therefore prayed that the wife be ordered to show cause why the decree of divorce should not be modified in the following respects:

"1. To change the custody of Scott Evans from the plaintiff to the defendant;

2. To terminate the defendant's obligation to pay the plaintiff alimony; and

3. To terminate the defendant's obligation to pay the plaintiff child support or in the alternate, to order the plaintiff to return the consideration received by her for her promise to relinquish child support."

The wife's answer denied that she had entered into the above mentioned agreements, admitted that she had remarried and alleged that she had not required the husband to pay her alimony since her remarriage.

The husband, at the hearing on the petition, introduced evidence to show that the wife had agreed to give custody of their son Scott to the husband, even though such agreement had never been approved by the court, and further that, as consideration for the husband quit claiming his interest in the residence to the wife and her new husband, the wife had deeded her interest in the 13 acres of land to the husband and had forfeited her right to receive further child support payments for the parties' three children. Thus the husband, by asking the court to modify the terms of the decree to change the custody of the minor child and provide that the husband no longer be required to pay child support, was asking the court to enforce custody and child support agreements differing from those set forth in the divorce decree. The court, being of the opinion that agreements between the parties affecting the care and custody of minor children are void and not binding and further that a change in custody or child support can only be made upon a clear showing of a change in circumstances, which had neither been alleged nor shown, dismissed the husband's petition filed September 17, 1971, and in so doing gave that order the finality of judgment pursuant to Ariz.R.Civ.P. 54(b),[1] 16 A.R.S.

The husband presents the following questions on appeal:

I. IS THE DOCUMENT DATED SEPTEMBER 3, 1970, WHEREBY THE PARTIES EXCHANGED PROPERTIES, AND WHEREBY THE PLAINTIFF RELINQUISHED HER CLAIM FOR CHILD SUPPORT FROM THE DEFENDANT, VALID AND BINDING BETWEEN THE PARTIES OR IS IT INVALID AS BEING AGAINST PUBLIC POLICY?

A. IS SAID AGREEMENT EFFECTIVE AND VALID AGAINST THE PLAINTIFF AS TO BAR HER FROM RECOVERING CHILD SUPPORT FROM THE DEFENDANT IN THE FUTURE?

B. IS THE PLAINTIFF BARRED AND ESTOPPED FROM HAVING PAST DUE SUPPORT ARREARAGES ACCRUE AND HAVING THE DEFENDANT HELD IN CONTEMPT OF COURT FOR FAILURE TO PAY CHILD SUPPORT?

1. The husband, on October 12, 1971, filed a second petition requesting similar relief as in the first petition alleging in support thereof a change in circumstances regarding the respective financial conditions of the parties. The trial court, in its order dismissing the petition of September 17, 1971, ordered this second petition continued.

C. IF SAID AGREEMENT IS HELD TO BE VOID, IS THE DEFENDANT ENTITLED TO EITHER THE RETURN OF HIS INTEREST IN THE PROPERTIES CONVEYED TO THE PLAINTIFF OR IS HE INTITLED TO A CREDIT FOR CHILD SUPPORT PAYMENTS FOR THE DIFFERENCE BETWEEN THE VALUES OF THE PROPERTIES CONVEYED TO THE RESPECTIVE PARTIES?

II. IF THE AGREEMENT IS HELD INVALID, IS THE PLAINTIFF ENTITLED TO CHILD SUPPORT FOR SCOTT FOR THAT PERIOD OF TIME WHERE THE PLAINTIFF HAS NOT HAD THE ACTUAL CUSTODY OF SAID CHILD NOR HAS SHE BEEN OBLIGATED TO SUPPORT HIM?

█ It is clear from the record that questions IB, IC and II were not before the court at the hearing nor were they addressed by the court in its order dismissing the husband's petition. We therefore need only consider appellant's question concerning the validity of the agreement whereby the wife allegedly agreed to give up her right to receive child support payments in exchange for receiving the husband's interest in the residence.

█ Appellant relies on Pappas v. Pappas, 247 Iowa 638, 75 N.W.2d 264 (1956) and Annot., 57 A.L.R.2d 1139 (1958) to support his position that an agreement between former spouses releasing the father from further payment of child support is valid. The above annotation reveals that there is disagreement among the various jurisdictions as to whether such agreements are binding as between the spouses, however, all authorities agree that a divorced wife cannot relieve her former husband from his legal duty to support a minor child of the spouses. As stated in the annotation:

"More specifically, it has been held that the former wife may release her husband from his obligations under the child support provisions of a divorce decree so long as the interests of the child are not affected and only an obligation personal to her is involved." 7 A.L.R.2d at 1444.

A.R.S. § 25–321 provides:

"The court may from time to time after entry of final judgment, on petition of either party, amend, revise and alter the portions of the decree which relate to payment of money for the support and maintenance of the wife or the expenses of the proceedings, as may be just, and may amend, change or alter any provision of the judgment respecting the care, custody or maintenance of the children of the parties as circumstances of the parents and welfare of the children require."

While our statutes do not require as a prerequisite to modification of custody or child support provisions of a divorce decree that there be a showing of change of circumstances materially affecting the welfare of the children, case law of Arizona does require such a showing. Andro v. Andro, 97 Ariz. 302, 400 P.2d 105 (1965); Johnson v. Johnson, 13 Ariz.App. 574, 479 P.2d 721 (1971). Furthermore, it has long been the policy of this State that in determining whether a petition for modification should be granted or denied the primary, paramount and controlling consideration is the welfare of the children. Johnson v. Johnson, 105 Ariz. 233, 462 P.2d 782 (1970). We fail to see how the above policy can be compatible with a policy which would enforce agreements entered into privately between former spouses whereby they bargain away custody and child support provisions of a divorce decree in exchange for interests in real property which serve only to enhance the financial inter-

ests of the parties themselves and completely disregard the welfare of the children. Such agreements are not binding upon the courts. Anderson v. Anderson, 14 Ariz.App. 195, 481 P.2d 881 (1971). This is not to say that the trial court, in making its determination of whether custody or support provisions of a decree should be modified, cannot take into account the wishes of the divorced parents or change in circumstances which have resulted from their agreements. We merely hold that the court cannot be bound by such.

Affirmed.

KRUCKER, C. J., and HATHAWAY, J., concur.