636 P.2d 1225

**In re the Marriage of Roger Raymond MARCE, Appellant,**

v.

**Dianne Lynn Marce BAILEY, Appellee.**

**No. 1 CA–CIV 3985.**

Court of Appeals of Arizona, Division 1, Department B.

June 26, 1979.

Rehearing Denied Sept. 6, 1979.

Stipulation for Dismissal and Order of Dismissal Sept. 28, 1979.

Erlichman, Fagerberg & Margrave by Carla G. Ryan and Joseph Erlichman, E. J. Peskind, Phoenix, for appellant.

Sullivan & Novak by Thomas J. Novak, Phoenix, for appellee.

## OPINION

SCHROEDER, Presiding Judge.

The parties to this appeal were divorced in July of 1973. The decree granted custody of the children to the mother, appellee Dianne Lynn Marce Bailey, and provided for visitation and alimony and child support payments by the father, appellant Roger Raymond Marce. In 1975, the parties filed cross-petitions in which each party sought to modify the decree and to hold the other in contempt. This is an appeal from the judgment entered by the trial court on those petitions.

Of the many separate issues raised by the appellant in this appeal, the most significant legal question concerns whether A.R.S. § 25–328 required the court in this post-decree proceeding to hold a separate hearing on issues relating to custody and visitation. Since we conclude that the trial court did not err in considering all of the related questions before it in one hearing, and since we find appellant's other contentions without merit, we affirm the judgment of the trial court.

In her petition in the trial court, appellee sought to hold appellant in contempt for his failure to make alimony and child support payments as required by the decree. Her petition also sought a modification of the appellant's visitation rights with the minor children. In his counter-petition, appellant sought custody of the children or a reduction in support payments, and a termination or reduction of spousal maintenance payments on various grounds, including alleged misappropriations of child support monies and trust funds by the appellee.

Following a hearing on the allegations of both petitions, the trial court ordered that the custody of the minor children remain with the appellee and found appellant in contempt of court by virtue of child support and alimony arrearages in excess of $9,000.00. The trial court allowed some credits to reduce the net arrearages, and further ordered that appellee forfeit approximately $5,000.00 of back alimony payments as a sanction for her failure to comply with previous court visitation orders. The court denied appellant's petition for modification of support and alimony payments, and rejected his contention that there had been misappropriations of child support and trust funds by appellee. Only the appellant has sought review by this court of the trial court's judgment.

We deal first with appellant's argument that the court should have conducted a separate hearing at which only custody and visitation questions would be considered. Although appellant raised no objection at trial and can point to no specific prejudice suffered as a result of the consolidated hearing, he nevertheless urges that A.R.S. § 25–328 mandates bifurcation. Appellee, on the other hand, urges that this provision applies only to original dissolution proceedings and not to subsequent contempt and modification hearings.

A.R.S. § 25–328(A) provides as follows:

In all cases when custody or visitation is a contested issue, the court shall first hear all other issues including maintenance and child support. The contested issue of custody or visitation shall not be heard at any hearing involving other issues even upon agreement of attorneys.

█ In resolving these contentions, we look to the history and purpose of this statute. A.R.S. § 25–328 was enacted in 1973 as part of Arizona's adoption of what is commonly known as "no fault" divorce.[1] A major purpose of that reform was to eliminate questions of fault and prior conduct of the parties from the court's consideration of whether the marriage should be dissolved and how the property should be divided. *See In Re Rosan*, 24 Cal.App.3d 885, 101 Cal.Rptr. 295 (1972); Arizona Divorce Law: Time For a Better System, Law & Soc. Order 621 (1970). Thus, a marriage is to be dissolved not upon a showing of prior misconduct by one party, but by a showing that the marriage is "irretrievably broken." A.R.S. § 25–312. Questions of financial support, including spousal support, child support and spousal maintenance, are to be determined in the dissolution proceeding on the basis of the status and needs of the parties at the time of the dissolution, and not marital misconduct.

Different considerations come into play, however, with respect to child custody and visitation. Personal and parental conduct and habits inevitably must be considered in

determining the best interests of the child. The provision in A.R.S. § 25–328 for bifurcation of property issues from custody and visitation issues implements this distinction.

█ The question which we consider here is whether the legislature intended that such bifurcation should extend to post-dissolution proceedings involving contempt, arrearages and modification of custody and visitation rights. We conclude that no such extension was intended.

While the concern of the court in the original dissolution proceeding is with a future allocation of property and parental responsibilities, the court in post-dissolution proceedings has an additional interest in the conduct and compliance of the parties under the prior court orders. Custody, visitation and support obligations are frequently intertwined. As is illustrated by this case, one party's attempt to recover support arrearages will often be countered by cross-allegations that the petitioning party has violated court visitation orders. In this case the court actually relieved the appellant of certain arrearages because of the appellee's failure to comply with visitation requirements. The interests of fair and efficient justice would not be served by a blanket requirement of separate hearings in any post-dissolution proceeding involving questions of both support responsibilities and custody or visitation rights.

We do not exclude the possibility that upon the request of a party the trial court may determine that separate hearings are appropriate in a particular case. We hold, however, that the mandatory requirement of bifurcation in A.R.S. § 25–328 applies only to original dissolution cases in which custody and visitation are contested, and not to post-dissolution contempt and modification proceedings.

We turn briefly to the other alleged errors which appellant claims occurred in the trial court.

1. This divorce was entered under the statutes in force prior to the 1973 amendments, but no argument is raised that A.R.S. § 25–328 should not apply in this case for that reason.

■ Appellant contends that he was denied a fair hearing on the custody question because of the trial court's prejudgment on that issue. The record offers little support for this contention. The court, before evidence had been submitted on the custody question, but after moving papers of the parties had been filed, not inappropriately informed counsel that he did not find that issue very troublesome. The court also, with some provocation, requested appellant's counsel to expedite the presentation of his case. There is nothing in the record to suggest that any action of the judge was motivated by any interest or information external to the proceedings before him. *See Smith v. Smith*, 115 Ariz. 299, 564 P.2d 1266 (App.1977). There is no cause for reversal.

■ Appellant next argues that the trial court improperly prevented the presentation of certain evidence on the child custody question. Appellant first contends that he was inhibited in the presentation of testimony of Victoria Marce because the trial court asked the conciliation court to do an investigation. Apparently appellant is dissatisfied because the conciliation court's investigation was not thorough enough. We find no reversible error. It appears that appellant did in fact call Mrs. Marce to testify and there is no showing in this record as to the completeness or incompleteness of the investigation by the conciliation court. Appellant stresses that appellee was interviewed twice by the conciliation court investigator and appellant only once, but the disparity of interview time in and of itself should not be a basis for a finding of unfairness in conciliation court procedures. Moreover, upon this record we fail to perceive what action or inaction on the part of the trial court could have amounted to an abuse of discretion.

Appellant also claims the trial court improperly rejected evidence of events which occurred prior to the divorce but which, according to the appellant, bore upon the question of appellee's fitness as a custodial parent. The questions in modification hearings, however, relate principally to whether there has been any change of circumstances since the time of the decree, or new facts unknown to the party seeking the change at the time the decree was entered. *Andro v. Andro*, 97 Ariz. 302, 400 P.2d 105, *rehearing denied*, 98 Ariz. 1, 401 P.2d 404 (1965); *Evans v. Evans*, 17 Ariz.App. 323, 497 P.2d 830 (1972); *Bailey v. Bailey*, 3 Ariz.App. 138, 412 P.2d 480 (1966). Again, our review of the record fails to disclose any abuse of discretion on the part of the trial judge in rejecting the proffered evidence.

■ Appellant next argues that the trial court did not rule on certain questions pertaining to visitation, and that the court should have required a security bond to insure compliance by the appellee. The record reflects, however, that all questions relating to visitation properly before the trial court were in fact ruled upon, and appellant in his brief acknowledges that a visitation order has been entered which is agreeable to him. We find no basis for requiring further posting of security.

■ Appellant also raises issues concerning alleged misappropriation of funds by the appellee. One such contention is that appellee misappropriated trust funds in the nature of money deposited in bank accounts for the children. There is no showing in this record, however, that the appellee, as the custodial parent, was barred from handling these funds. No provisions of any trust or contractual agreement were proved. We find no error in the trial court's refusal to find a misappropriation of trust funds.

■ The remaining claim of misappropriation relates to alleged misappropriation of child support monies. Appellant contends that the appellee did not use all of the child support payments directly for the children's benefit, but used them for personal investments, and that therefore the appellant is entitled to a reduction of his obligation. We are aware of no requirement that a custodial parent make a direct accounting of all child support monies to the end of showing that all were directly spent on the children. If in fact the custodial parent no

longer is in need of child support payments, or the payments being made are excessive, the use made of the payments might be a factor to be considered in weighing modification. The assertions here, however, do not establish any basis for modification. There was no showing of substantial and continuing changed circumstances requiring the court to modify these support terms. *Jarvis v. Jarvis*, 27 Ariz.App. 266, 553 P.2d 1251 (1976); *Linton v. Linton*, 17 Ariz.App. 560, 499 P.2d 174 (1972).

■ We find no support for appellant's charges that willful and malicious conduct on the part of appellee had a substantial continuing effect upon his ability to earn money in the practice of law. The conduct complained of was in the nature of complaints by appellee to the Arizona State Bar, of which appellant is a member, and to local newspapers. When asked at trial to estimate the future impact of appellee's actions on his law practice, appellant was unable to do so.

Finally, the appellant argues that the trial court miscalculated the amount of the arrearages, principally on the ground that the trial court refused to give effect to an alleged agreement of parties that appellant would be relieved of child support obligations during the periods in which the children were in his custody. The record in this case simply does not reveal any such agreement or stipulation, and no issue of its existence was ever presented to the trial court. Upon the record in this case, the trial court must be sustained.

Affirmed.

OGG, C. J., Division 1, and JACOBSON, J., concur.

## STIPULATION FOR DISMISSAL

NOW COME the above named parties, by their respective attorneys, and stipulate that this Appeal be dismissed, with prejudice, each party to bear their own respective costs; and that all bonds posted herein, including Appellant's appeal bond and Appellant's supersedeas bond, shall be re-

leased, exonerated and discharged, in their entirety.

Dated: September 25th, 1979.

## ORDER OF DISMISSAL

The parties having so stipulated, and the Court being advised in the premises,

ORDERED, dismissing this matter, with prejudice, each of the parties to bear their own respective costs; and

FURTHER ORDERED, that all bonds filed herein, specifically including the appeal bond and supersedeas bond filed by Appellant, be and the same are hereby released, exonerated and discharged, in their entirety, and that the Superior Court of Arizona for Maricopa County is directed to enter its order releasing, exonerating and discharging such bonds.

DONE IN OPEN COURT this September 28, 1979.

/s/ Joe W. Contreras
Judge