615 P.2d 14

**Shirley HONSEY, Petitioner/Appellee,**

v.

**Conrad H. HONSEY, Respondent/Appellant.**

**No. 2 CA–CIV 3582.**

Court of Appeals of Arizona, Division 2.

July 30, 1980.

Shirley Honsey, pro. per.

Thomas W. Anderson, Tucson, for respondent/appellant.

## OPINION

HOWARD, Judge.

Appellant-husband raises two questions for consideration on appeal. The first concerns the propriety of hearing both the custody issue and the child support issue together in a divorce action. The second is whether the trial court can hear the issue of child custody prior to resolving all other issues including the amount of child support.

---

The wife has failed to file an answering brief. Where the appellant raises debatable issues, failure to file an answering brief constitutes a confession of reversible error. *Geiler v. Arizona Bank*, 24 Ariz. App. 266, 537 P.2d 994 (1975). We need not rely on a confession of error, however, because the answer to the questions is clear. A.R.S. Sec. 25–328 provides:

"A. In all cases when custody or visitation is a contested issue, the court shall first hear all other issues including maintenance and child support. The contested issue of custody or visitation shall not be heard at any hearing involving other issues *even upon agreement of attorneys.*

B. After all other issues have been decided and the amount of maintenance and child support established by the court, then the issues of custody or visitation may be heard." (Emphasis added)

The record shows that the trial court violated this statute. The issue of child custody was heard prior to the resolution of all the other issues including the amount of child support established by the court. While neither counsel objected to the procedure, the provisions of A.R.S. Sec. 25–328 are clearly jurisdictional.

All the provisions of the decree of dissolution are vacated and set aside except the one dissolving the marriage.[1] That part of the decree dissolving the marriage is affirmed and the case is remanded for further proceedings consistent with this opinion.

HATHAWAY, C. J., and RICHMOND, J., concur.

---

1. Appellant does not challenge the finding that the marriage is irretrievably broken. See A.R.S. Sec. 25-325.