672 P.2d 180

Frank C. ESTES, Petitioner,

v.

SUPERIOR COURT of the State of Arizona, In and For the COUNTY OF MARICOPA, Honorable James H. Kemper, Judge Pro Tem of the Superior Court, and Cheri Rose Estes, real party in interest, Respondents.

In re the MARRIAGE OF Frank C. ESTES, Petitioner,

and

Cheri Rose Estes, Respondent.

No. 16649–SA.

Supreme Court of Arizona, En Banc.

Nov. 2, 1983.

---

5. We use "presumably" because the record does not indicate just what services a CSO must perform.

**516**

Friedl & Richter by Joseph C. Richter, Phoenix, for petitioner.

James V. Scoggin, Phoenix, for respondent Cheri Rose Estes.

HOLOHAN, Chief Justice.

The petitioner Frank C. Estes challenges by this petition for special action the actions of the respondent judge in entering a child custody order in a marital dissolution proceedings. We accepted jurisdiction pursuant to Ariz. Const. art. 6 § 5(1). We deny the relief requested.

The marriage between petitioner and respondent Cheri Rose Estes was dissolved by a decree of dissolution dated December 23, 1982. All issues pertaining to the dissolution except for those relating to child custody were heard by the trial judge on October 1, 1982. On that day, the trial judge ordered that petitioner would "be ordered to pay child support with respect to any child placed in the custody of Respondent-Wife *in an amount to be determined.*" (emphasis added). Later, on October 7 and 8, 1982, the trial judge heard the child custody portion of the proceedings and awarded custody of the three minor children to respondent Cheri Rose Estes.

Following entry of the formal decree, on January 6, 1983, petitioner filed a motion for reconsideration of the custody order, alleging ineffective assistance of counsel and that the trial judge failed to consider all pertinent evidence. During oral argument of the motion and for the first time, petitioner argued that the trial judge had violated the provisions of A.R.S. § 25–328 which require in all cases where custody or visitation are contested issues, all other issues including the amount of child support must be completely determined before the trial court hears any custody or visitation issues. Petitioner supplemented this argument with a memorandum on March 17, 1983. On March 24, 1983, the trial judge denied the motion, finding that petitioner was well represented by counsel, that all of the evidence had been considered, and that the statutory argument was untimely raised according to Rule 59, Rules of Civil Procedure.

This special action presents essentially the single issue of whether the bifurcation requirement of A.R.S. § 25–328 is jurisdictional or procedural. We have assumed for the purposes of this decision that the issue was properly raised in the trial court. The issue of jurisdiction of the court can, of course, be raised at any time.

### A.R.S. § 25–328

Petitioner contends that the trial judge violated the bifurcation requirement of A.R.S. § 25–328 when the trial judge fixed the amount of child support *after* hearing issues regarding custody of the children. Petitioner argues that such a violation voided the child custody order because the trial judge lost jurisdiction by failing to follow the statute. We agree that the trial judge violated the statute, but conclude that the provisions of A.R.S. § 25–328 are procedural in nature.

This court has not considered this statute before, but both divisions of the court of appeals have addressed it, reaching directly conflicting views of the effect of violating A.R.S. § 25–328. The statute provides:

§ 25–328 *Separate trials when custody or visitation is an issue*

A. In all cases when custody or visitation is a contested issue, the court shall first hear all other issues including maintenance and child support. The contested issue of custody or visitation shall not be heard at any hearing involving other issues even upon agreement of attorneys.

B. After all other issues have been decided and the amount of maintenance

and child support established by the court, then the issues of custody or visitation may be heard.

Division Two of the Court of Appeals, in *Honsey v. Honsey,* 126 Ariz. 336, 615 P.2d 14 (App.1980), described the requirements of the statute as "clearly jurisdictional." *Id.* at 337, 615 P.2d at 15. The court did not set forth the reasons which supported its conclusion. Division One, in *In Re Marriage of Hinkston,* 133 Ariz. 592, 653 P.2d 49 (App.1982), read *Honsey* as "a classic example of the mischief that can arise when courts indiscriminately use the term jurisdiction (the power to act) when what is meant is legal error (the court acted improperly)." *Id.* at 595, 653 P.2d at 52. The court in *Hinkston* correctly noted that A.R.S. §§ 25–331 and 8–403 are the jurisdictional statutes in child custody matters. We agree with the analysis and holding in the *Hinkston* case.

Subject matter jurisdiction has been described as "the power to hear and determine cases of the general class to which the particular proceedings belong...." *First National Bank & Trust Co. v. Pomona Mach. Co.,* 107 Ariz. 286, 288, 486 P.2d 184, 186 (1971); *citing Arizona Public Service Co. v. Southern Union Gas Co.,* 76 Ariz. 373, 265 P.2d 435 (1954); *Tube City Mining & Milling Co. v. Otterson,* 16 Ariz. 305, 146 P.2d 203 (1914). *See Lamb v. Superior Court,* 127 Ariz. 400, 403, 621 P.2d 906, 909 (1980). The power to decide the general class of this case—divorce and child custody—devolves upon the superior court from organic and statutory law. Article 6 § 14(9) of the Arizona Constitution confers subject matter jurisdiction on the superior court over divorce cases, and A.R.S. §§ 25–331 and 8–403 grant the same type of power in child custody cases.

The purpose and effect of A.R.S. § 25–328 indicate its procedural nature. Under the statute, monetary considerations are finally determined before the superior court inquires into custody and visitation issues. *Marce v. Bailey,* 130 Ariz. 443, 636 P.2d 1225 (App.1979). The statute exists so that the superior court can dissolve a marriage without reference to the conduct of the parties. *Id.* at 445, 636 P.2d at 1227. Under Arizona's "no fault" divorce laws, conduct of the parties no longer bears on the propriety of a marriage dissolution. "Questions of financial support, including spousal support, child support and spousal maintenance, are to be determined in the dissolution proceedings on the basis of the status and needs of the parties at the time of the dissolution, and not marital misconduct." *Id.* Conversely, when the court considers which party will be awarded custody of children, reference must be made to the parents' conduct. By requiring separate hearings whenever custody or visitation is contested, our legislature sought to separate matters of money from matters of conduct. Such a separation concerns the procedural treatment of the case rather than the court's power to hear the case.

Once the court below had subject matter jurisdiction, as it undoubtedly did, the question becomes whether the court lost that power when it failed to bifurcate the hearings in strict compliance with A.R.S. § 25–328. This court has distinguished "the right of a court to misconstrue the law measuring the rights of the parties ... [from] the right of a court to misconstrue a statute or law from which jurisdiction or power of the court flows—a jurisdictional law." *Arizona Public Service Co. v. Southern Union Gas Co., supra,* 76 Ariz. at 382, 265 P.2d at 441. The power to inquire into the abstract questions of a type of cause of action may be lost when a court misconstrues the particular statute or constitutional provision that grants the subject matter jurisdiction. While misconstruing a jurisdictional law is fatal to the viability of a court's decision, misinterpreting a procedural law does not void a court's decision. The court still retains jurisdiction over that class of case. Misinterpreting a procedural matter amounts to legal error which may result in reversal by an appellate court, but subject matter jurisdiction remains unaffected by the misinterpretation.

In the instant case, we find a clear violation of the statute. The trial judge did not set the amount of child support before hearing the custody portion of the proceedings, which the statute plainly requires. When the trial judge ordered that petitioner

would pay child support "in an amount to be determined," he did not thereby establish an "amount." Such an interpretation simply avoids the question. Before hearing custody issues, the superior court must bifurcate the hearings and must completely determine all matters, including setting a figure for child support. The trial judge committed legal error by hearing custody issues before he had established a definite amount of child support.

Although we conclude that the trial judge erred, we do not modify or vacate the child custody portion of the decree because petitioner has shown no prejudice to any substantial right or any inconsistency with substantial justice. Although the bifurcation required by A.R.S. § 25–328 is important, an improper bifurcation is not inherently prejudicial. In this context, as in all others, prejudice must appear in the record; the record in this case affords no finding of prejudice.

Accordingly, we deny the relief requested.

GORDON, V.C.J., and HAYS, CAMERON and FELDMAN, JJ.,