NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

In re the Marriage of:

ALONZO ROBINSON, *Petitioner/Appellee*,

*v.*

SOPHIA J. F. HUTCHINS, *Respondent/Appellant*.

No. 1 CA-CV 13-0502
FILED 10-21-2014

---

Appeal from the Superior Court in Maricopa County
No. FN2011-094309
The Honorable Teresa A. Sanders, Judge

**AFFIRMED IN PART; REMANDED IN PART**

---

COUNSEL

Alonzo Robinson, Mesa
*Petitioner/Appellee*

Sophia J. F. Hutchins, Columbus, Ohio
*Respondent/Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Lawrence F. Winthrop delivered the decision of the Court, in which Judge John C. Gemmill and Chief Judge Diane M. Johnsen joined.

---

**W I N T H R O P**, Presiding Judge:

**¶1** Respondent/appellant, Sophia J. F. Hutchins ("Wife"), appeals those portions of the family court's decree of dissolution awarding her spousal maintenance, dividing the parties' community property and debts, and denying her request for an award of attorneys' fees. For the following reasons, we affirm in part and remand in part for further proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND

**¶2** Petitioner/appellee, Alonzo Robinson ("Husband"), initiated this action for dissolution. After an evidentiary hearing, the family court ordered Husband to pay Wife spousal maintenance of $1,000 per month for three years. In addition, as relevant, the court awarded Wife $300 for her share of the household property, awarded Wife one-half of Husband's 401(k) account, and equally divided the parties' joint credit card debt. The court denied Wife's request for an award of attorneys' fees. Wife timely appealed.[1] We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(1) (2014).[2]

## ANALYSIS

*I.    Spousal Maintenance*

**¶3** Wife contends the family court abused its discretion by awarding her spousal maintenance of $1,000 per month for three years,

---

[1]    Wife filed her notice of appeal before the family court entered a signed order disposing of a time-extending post-trial motion. Accordingly, on November 13, 2013, this court suspended the appeal and remanded; the family court entered a signed order on November 20, 2013.

[2]    We cite the current version of all applicable statutes unless changes material to our decision have occurred since the relevant date.

arguing she was entitled to a greater monthly amount for the remainder of her life.[3]

**¶4**        In determining the amount and duration of a spousal maintenance award, the family court must consider all relevant factors, including, as applicable, the thirteen factors set forth in A.R.S. § 25-319(B).[4]

---

[3]      On appeal, Wife argues the court should have awarded her spousal maintenance of $2,506 per month.  At trial, however, she requested $1,500.

[4]      The statutory factors listed under A.R.S. § 25-319(B) are as follows:

1. The standard of living established during the marriage.
2. The duration of the marriage.
3. The age, employment history, earning ability and physical and emotional condition of the spouse seeking maintenance.
4. The ability of the spouse from whom maintenance is sought to meet that spouse's needs while meeting those of the spouse seeking maintenance.
5. The comparative financial resources of the spouses, including their comparative earning abilities in the labor market.
6. The contribution of the spouse seeking maintenance to the earning ability of the other spouse.
7. The extent to which the spouse seeking maintenance has reduced that spouse's income or career opportunities for the benefit of the other spouse.
8. The ability of both parties after the dissolution to contribute to the future educational costs of their mutual children.
9. The financial resources of the party seeking maintenance, including marital property apportioned to that spouse, and that spouse's ability to meet that spouse's own needs independently.
10. The time necessary to acquire sufficient education or training to enable the party seeking maintenance to find appropriate employment and whether such education or training is readily available.
11. Excessive or abnormal expenditures, destruction, concealment or fraudulent disposition of community, joint tenancy and other property held in common.
12. The cost for the spouse who is seeking maintenance to obtain health insurance and the reduction in the cost of health insurance for the spouse from whom maintenance is sought if the spouse from whom maintenance is sought is able to convert family

We afford the family court's decision substantial discretion and will affirm if any reasonable evidence supports it. *Cullum v. Cullum*, 215 Ariz. 352, 354, ¶ 9, 160 P.3d 231, 233 (App. 2007); *Rainwater v. Rainwater*, 177 Ariz. 500, 502, 869 P.2d 176, 178 (App. 1993).

**¶5**         The family court considered and made findings concerning each of the factors under A.R.S. § 25-319(B). For example, the court found (1) Wife is available for full-time employment and has no physical or mental health conditions that prevent her employment; (2) the parties do not have substantial assets and Wife is currently unable to independently meet her financial needs; (3) Wife contributed to Husband's career by maintaining the household and caring for the parties' children during the marriage; and (4) Husband's earning ability is greater than Wife's, and despite his substantial debts, he is able to contribute some to Wife's financial needs while meeting his own obligations.

**¶6**         Wife contends the spousal maintenance award is insufficient because she is qualified for few jobs that would pay enough to allow her to live independently and has physical conditions that preclude her employment at this time. She also argues the court erred by failing to award her additional maintenance for housing and education expenses.

**¶7**         Although Wife claims she has herniated spinal discs that hinder her ability to search for work, at trial she testified only that those conditions preclude her from jobs that require heavy lifting. Wife indicated she had twice been employed full-time within the year before trial and, since she left her last job, had been actively searching for, and expected to find, work paying approximately $11 per hour. Moreover, Wife's Affidavit of Financial Information was based on her future expected expenses, not her present expenses, and she admitted her estimates for certain items were too high. We find no abuse of discretion in the court's award of spousal maintenance of $1,000 per month to Wife for a period of three years.[5]

---

health insurance to employee health insurance after the marriage is dissolved.

13. All actual damages and judgments from conduct that results in criminal conviction of either spouse in which the other spouse or child was the victim.

[5]        Husband contends Wife is capable of being self-sufficient and asks this court to end all spousal maintenance. We do not consider this issue

¶8        We also reject Wife's argument that the family court's failure to rule on her repeated requests for temporary spousal maintenance during the pendency of the action caused her irreparable harm.  Wife offered no evidence at trial that the delay caused her any such harm and, ultimately, the court granted her maintenance for this period, as its award was retroactive to the first day of the first month after Husband filed the petition for dissolution.[6]

## II.        *Division of Community Property and Debt*

¶9        Wife next challenges the family court's division of certain community property and debts.  Arizona Revised Statutes § 25–318(A) governs the division of marital property in a dissolution proceeding and requires the court to divide community property equitably, although not necessarily in kind.  In determining an equitable division, the family court retains broad discretion in allocating individual assets and liabilities.  *In re Marriage of Flower*, 223 Ariz. 531, 535, ¶ 14, 225 P.3d 588, 592 (App. 2010).  We view the evidence in the light most favorable to sustaining the court's findings and will not disturb its apportionment of community property absent an abuse of discretion.  *Gutierrez v. Gutierrez*, 193 Ariz. 343, 346, ¶ 5, 972 P.2d 676, 679 (App. 1998).

### A.        *Household Property*

¶10        Wife argues the court erred by awarding her only $300 for her share of the household property.  Husband testified at trial that, after Wife left the marital home, he was unable to maintain the residence and was forced to move to a small apartment that would not accommodate all of the parties' personal property.  Husband claimed he gave Wife notice of the

---

because Husband did not cross-appeal from the decree.  *See Maricopa Cnty. v. Corp. Comm'n of Ariz.*, 79 Ariz. 307, 310, 289 P.2d 183, 185 (1955) (stating that an appellee who desires to attack the judgment to either enlarge his rights or lessen the rights of his adversary must cross-appeal).

[6]        Similarly, we reject Wife's argument that the court erred by failing to rule on her claim that Husband removed Wife from his medical insurance in violation of the court's standard injunction prohibiting such actions.  Wife did not present any evidence at trial that she had obtained health insurance at a higher cost or otherwise suffered any harm from the loss of the insurance.  Moreover, the evidence showed Husband was not able to contact Wife to obtain the information necessary to continue the coverage and Wife failed to take any action to reinstate coverage.

move and allowed her to retrieve any belongings she desired, and he sold the remaining items for less than $600. Wife disputed this testimony, alleging the marital home contained personal property worth approximately $100,000, and Husband did not give her adequate time to remove her belongings. We defer to the family court's determination of the witnesses' credibility and the weight to give this conflicting evidence, *id.* at 347, ¶ 13, 972 P.2d at 680, and find no abuse of discretion.

### B. Husband's 401(k) Account

**¶11** Wife challenges the court's ruling awarding her one-half of the approximate $1,500 value of Husband's 401(k) account, arguing the court erred by rejecting her claim that Husband withdrew almost $80,000 from the account to spend on gambling. The family court may consider excessive or abnormal expenditures when apportioning community property. A.R.S. § 25-318(C); *Gutierrez*, 193 Ariz. at 346, ¶ 6, 972 P.2d at 679. However, Wife's allegations that Husband wasted community funds withdrawn from his 401(k) account on gambling activities were contradicted by the account statements, which showed the account's value had not exceeded $1,500 in the preceding six years.[7] Accordingly, we find no abuse of discretion in the family court's rejection of Wife's waste argument and determination that she was entitled to one-half of the current value of Husband's 401(k) account. *See Gutierrez*, 193 Ariz. at 346, ¶ 5, 972 P.2d at 679.

### C. Refund from Bankruptcy Proceedings

**¶12** Husband testified that, during pendency of this action, he received a $9,431.65 refund of monies he paid to the bankruptcy trustee while his bankruptcy action was pending. He claimed he spent the money to purchase a new vehicle, to move from the marital residence, and to pay other bills. Wife argues the family court erred by not ruling on her claim that she was entitled to one-half of the refund amount.

**¶13** The court did not mention the refund in the decree or otherwise indicate that it intended to reject Wife's claim. Generally, when neither party has requested findings of fact and conclusions of law, we assume the family court found every fact necessary to support its judgment, as long as any reasonable construction of the evidence justifies the decision.

---

[7] The evidence also does not support Wife's claim that Husband withdrew $5,997 from the account in July 2012, as the value of the account on June 30, 2012, was only $1,441.32.

*Stevenson v. Stevenson*, 132 Ariz. 44, 46, 643 P.2d 1014, 1016 (1982). In this case, however, the evidence does not support a decision to deny Wife an interest in the refunded monies, as it was undisputed the funds were community property paid from Husband's earnings during the marriage and later refunded to him. Accordingly, we remand to allow the family court to consider whether Wife was entitled to some portion of the $9,431.65 refund as part of an equitable division of the parties' assets.

### D. Division of Credit Card Debt

**¶14** Wife maintains the court abused its discretion by equally dividing the debt from several of Husband's credit card accounts because Husband held the accounts in his name only and used the cards to obtain cash for gambling. All debt incurred by either spouse during marriage is presumed to be a community obligation. *Hrudka v. Hrudka*, 186 Ariz. 84, 91-92, 919 P.2d 179, 186-87 (App. 1995), *superseded in part by statute on other grounds as recognized in Myrick v. Maloney*, ___ Ariz. ___, 333 P.3d 818 (App. 2014). To overcome that presumption, Wife was required to offer clear and convincing evidence the debt was Husband's separate obligation. *See id.*

**¶15** Husband testified that, even though the relevant accounts were held in his name, Wife incurred the majority of the charges.[8] He admitted both he and Wife visited casinos to gamble but claimed the debt was also the result of the parties' unsustainable standard of living during the marriage. Wife denied she gambled or charged to the credit card accounts.

**¶16** We defer to the family court's determination of the witnesses' credibility and the weight to give this conflicting evidence. *See Gutierrez*, 193 Ariz. at 347, ¶ 13, 972 P.2d at 680. Accordingly, we find no abuse of discretion in the court's classification of the credit card debt as a community obligation. *See Hrudka*, 186 Ariz. at 91-92, 919 P.2d at 186-87.

---

[8] Wife objects that Husband did not offer current statements for the relevant accounts. However, she waived this objection by failing to raise it at trial. *See Medlin v. Medlin*, 194 Ariz. 306, 308, ¶ 6, 981 P.2d 1087, 1089 (App. 1999). Moreover, Husband testified the statements were the most recent ones available, and no payments had been made on those accounts because of his bankruptcy proceeding.

*III.     Attorneys' Fees*

**¶17**          Finally, Wife argues the court erred by denying her request for an award of attorneys' fees because it found she is unable to meet her financial needs independently.

**¶18**          In a dissolution case, the court may award fees "after considering the financial resources of both parties and the reasonableness of the positions each party has taken throughout the proceedings." A.R.S. § 25-324(A). "Although the intent of A.R.S. § 25–324 is to assure a remedy for the party least able to pay, the trial court may also consider whether a party has adopted unreasonable positions." *MacMillan v. Schwartz*, 226 Ariz. 584, 592, ¶ 37, 250 P.3d 1213, 1221 (App. 2011). The family court stated it considered the parties' financial resources and the reasonableness of their positions throughout the litigation in accordance with A.R.S. § 25-324. We will not disturb its decision absent an abuse of discretion. *Gutierrez*, 193 Ariz. at 351, ¶ 32, 972 P.2d at 684.

**¶19**          The evidence supports a determination that Wife acted unreasonably during pendency of the dissolution. Husband testified he made several attempts to reach a settlement of the disputed issues with Wife, but she refused to negotiate and insisted on proceeding to trial. Wife also maintained at trial that the parties had substantial assets, despite contrary evidence, and the court ultimately rejected her claims. Because the family court was in the best position to observe and assess the conduct of the parties before it, we cannot say the court abused its discretion when it denied Wife's request for an award of attorneys' fees. *See MacMillan*, 226 Ariz. at 592, ¶ 38, 250 P.3d at 1221.[9]

---

[9]     We reject Wife's argument that Husband should pay her attorneys' fees because he caused the dissolution. *Cf. Marce v. Bailey*, 130 Ariz. 443, 445, 636 P.2d 1225, 1227 (App. 1979) (stating that a major purpose of the adoption of Arizona's current dissolution statutes was to eliminate questions of the parties' fault and prior conduct from the court's consideration of whether the marriage should be dissolved and how the property should be divided).

**CONCLUSION**

**¶20** For the foregoing reasons, we affirm in part and remand in part for further proceedings consistent with this decision.



**Ruth A. Willingham · Clerk of the Court**
F I L E D : gsh