NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

HANNAH MARIE DESANTO, *Plaintiff/Appellee,*

*v.*

WILLIAM CLEVERLY, *Defendant/Appellant.*

No. 1 CA-CV 24-0308

FILED 02-18-2025

Appeal from the Superior Court in Maricopa County
No. CV2024-050074
The Honorable Brian J. Palmer, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Hannah Marie DeSanto
*Plaintiff/Appellee*

Wilenchik & Bartness PC, Phoenix
By Dennis I. Wilenchik
*Counsel for Defendant/Appellant*

---

**MEMORANDUM DECISION**

Judge David D. Weinzweig delivered the decision of the Court, in which Presiding Judge Brian Y. Furuya joined. Judge James B. Morse Jr. joined in part and specially concurs in part.

---

**W E I N Z W E I G**, Judge:

¶1          William Cleverly appeals the superior court's grant and continuance of Hannah DeSanto's ("Hannah") injunction against harassment. We affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2          Cleverly was Hannah's stepfather for a short period. He married Hannah's mother in January 2022, petitioned for divorce just six months later, but had second thoughts. He texted Hannah, hoping she might help patch things up for him and her mother, also raising concern about her mother's drug use. Mother agreed to a drug test and tested clean aside from prescription Adderall.

¶3          Cleverly later texted Hannah, lamenting her mother's drug use and accusing her mother of "staying at some resort . . . with some guy." Hannah told Cleverly "I think it's better if I stay out of it."

¶4          Cleverly went on to text Hannah seven times over the next three weeks and visited her home two more times, never invited, leaving disjointed letters and packages for Hannah, including his "Manifesto of Love" which included topless photos of Hannah's mother. He also texted Hannah a picture of a car outside her mother's driveway, asking if her mother had a new boyfriend. He texted Hannah at Thanksgiving, purporting to inform her about the alleged criminal background of her mother's alleged boyfriend.

¶5          Hannah eventually emailed Cleverly to stop harassing her or she would seek an injunction against harassment. He sent one more missive, advising that "[i]t's not harassment, it's just news you don't like" but promising to stop. Nonetheless, Hannah petitioned for and received an injunction against harassment. Cleverly challenged the injunction. The superior court affirmed the injunction after an evidentiary hearing.

**¶6**          Cleverly timely appealed.  We have jurisdiction.  A.R.S. §§ 12-2101(A)(5)(b), -120.21(A)(1).

## DISCUSSION

**¶7**          Although Hannah did not file an answering brief, we decline in our discretion to treat that as a confession of reversible error.  *See Nydam v. Crawford*, 181 Ariz. 101, 101 (App. 1994).

**¶8**          Cleverly argues the superior court erred by granting and continuing the injunction.  We review the grant of an injunction against harassment for abuse of discretion.  *LaFaro v. Cahill*, 203 Ariz. 482, 485, ¶ 10 (App. 2002).  A court abuses its discretion when it commits an error of law while reaching a discretionary conclusion or when the evidence—viewed in the light most favorable to upholding the ruling—does not support the order.  *Mahar v. Acuna*, 230 Ariz. 530, 534, ¶ 14 (App. 2012).  This court will not disturb the decision of the superior court if the injunction is supported by substantial evidence.  *Prudential Ins. Co. of Am. v. Pochiro*, 153 Ariz. 368, 370 (App. 1987).

**¶9**          The superior court must issue an injunction against harassment if it finds "reasonable evidence of harassment."  A.R.S. § 12-1809(E).  Harassment is defined as a "series of acts over any period of time that is directed at a specific person and that would cause a reasonable person to be seriously alarmed, annoyed or harassed and the conduct in fact seriously alarms, annoys or harasses the person and serves no legitimate purpose."  A.R.S. § 12-1809(T)(1)(a).

## I.     Seriously Alarms, Annoys or Harasses.

**¶10**          Cleverly first argues the record has no evidence showing his actions would seriously alarm, annoy or harass a reasonable person.  We disagree.  The record has ample evidence to spark a reasonable person's alarm, and that person might have been annoyed and harassed by Cleverly's conduct.

**¶11**          Cleverly next insists he stopped contacting Hannah the first time she asked him to stop, but the record has reasonable evidence to show Hannah asked Cleverly to leave her "out of it" months earlier, before Cleverly delivered his "Manifesto of Love" and more.

**¶12**          What is more, a plaintiff is not obligated to attempt self-help remedies before filing for an injunction against harassment.  *See* A.R.S. § 12-1809.  The superior court did not abuse its discretion.

## II.      Serves a Legitimate Purpose.

**¶13**         Cleverly next insists his actions were taken for the legitimate purpose of convincing Hannah to step up and help her mother kick a drug habit.  But the court received the evidence, heard the testimony and rejected that argument.  We cannot say the court abused its discretion because the record has ample evidence to show that Cleverly might reasonably be seen as a jilted ex-lover who tried to use a reluctant third-party to revive a relationship with someone who did not want the relationship revived.  The superior court did not abuse its discretion.

## CONCLUSION

**¶14**         We affirm.

**M O R S E**, Judge, specially concurring in part:

**¶15**       I concur with the majority in all but paragraph 7, *supra*. If Cleverly had raised any debatable issues, I do not think we would have discretion to ignore appellee's failure to respond because this appeal does not involve a child's best interests. *See Hoffman v. Hoffman*, 4 Ariz. App. 83, 85 (1966); *Matter of Mayberry v. Stambaugh*, 1 CA-CV 23-0289 FC, 2024 WL 1282653, at *1–5, ¶¶ 5–20 (Ariz. App. Mar. 26, 2024) (Morse, J., concurring) (mem. decision) (discussing implied confession of error based on a failure to respond). But an "an issue is not debatable when the record 'clearly' resolves the question raised." *Luna v. Peinado*, 1 CA-CV 23-0634 FC, 2024 WL 2207309, at *3, ¶ 17 (Ariz. App. May 16, 2024) (mem. decision) (citing *Air E., Inc. v. Wheatley*, 14 Ariz. App. 290, 294 (1971); *Honsey v. Honsey*, 126 Ariz. 336, 337 (App. 1980)); *see also In re Majidi v. Milkwick*, 1 CA-CV 24-0187 FC, 2024 WL 5165446, at *2, ¶ 12 (Ariz. App. Dec. 19, 2024) (mem. decision). And, as discussed *supra* ¶¶ 8–13, Cleverly has not raised any debatable issue because the record clearly supports the court's decision.

