NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

JAMES F. MAPES, *Petitioner/Appellant*,

*v.*

TERRY A. MAPES, *Respondent/Appellee*.

No. 1 CA-CV 25-0275 FC

FILED 03-03-2026

Appeal from the Superior Court in Navajo County
No. S0900DO202300142
The Honorable Michala M. Ruechel, Judge

**VACATED AND REMANDED**

COUNSEL

James F. Mapes, Winslow
*Petitioner/Appellant*

**MEMORANDUM DECISION**

Judge Andrew J. Becke delivered the decision of the Court, in which
Presiding Judge Samuel A. Thumma and Judge Kent E. Cattani joined.

**B E C K E**, Judge:

**¶1**        James Mapes ("Husband") appeals an order dividing his railroad retirement benefits as community property. For the reasons that follow, we vacate the order and remand.

## FACTS AND PROCEDURAL BACKGROUND

**¶2**        Husband and Terry Mapes ("Wife") married in 1998. Husband worked for BNSF Railway during the marriage. In 2012, the couple stopped living together. They signed a separation agreement in 2016. Husband filed a petition for legal separation in 2023; Wife did not file a response. In November 2023, the court entered a default decree of legal separation, which incorporated the separation agreement.

**¶3**        The separation agreement states that "[Wife] is eligible for spousal retirement benefits per Railroad Retirement rules, and is here instructed of the necessity of attending to those rules, for her future eligibility and benefits." It further states that "[t]here is NO remaining community property or debt for consideration."

**¶4**        The separation agreement was incorporated into the decree. The form decree states "[t]here is no community property," "[e]ach party WAIVES AND GIVES UP his or her interest in any retirement benefits, pension plan, or other deferred compensation of the other party," and the decree includes a handwritten provision that "[b]oth parties each qualify for retirement per [Railroad Retirement] Board rules."

**¶5**        A year after entry of the decree, Wife filed a notice of lodging a proposed order dividing railroad retirement benefits. *See* Ariz. R. Fam. Law P. 91(b). The notice claimed the order was intended to enforce the decree. The notice said that, in the separation agreement, "the parties agreed that [Wife] would receive her community interest of [Husband's] Railroad Retirement." The proposed order divided Husband's "Non-Tier I Benefits under the Railroad Retirement Act as part of a final distribution of property and pursuant to the parties' Legal Separation."[1] *See* 45 U.S.C. § 231m(b)(2). The court signed the order.

---

[1] Under the Railroad Retirement Act of 1974, 45 U.S.C. §§ 231–231(v), there are Tier I and Tier II annuities. Tier I annuities are similar to a social security benefit and may not be treated as community property. *See* 20 C.F.R. § 226.10; *see also* 45 U.S.C. § 231(m)(b)(2) (describing which annuities may be

¶6            Wife failed to serve Husband with the notice of lodging or proposed order. Father first learned of the notice and proposed order when he received a copy of the order signed and entered by the court. Husband then timely moved for reconsideration, arguing he had not received the notice or proposed order and that the order did not comply with the decree.

¶7            At oral argument, Wife argued that the separation agreement's statement that "[Wife] is eligible for spousal retirement benefits per Railroad Retirement rules" meant that she was able to take a part of Husband's non-Tier I benefits as community property. Husband responded, emphasizing that the decree stated that there was no community property and that they have no interest in each other's retirement benefits. He thus argued that Wife was only eligible for her own spousal annuity under the Railroad Retirement Board rules. *See* 45 U.S.C. § 231a(c)(1) (detailing annuity eligibility requirements for spouses of railroad employees).

¶8            The court found that the separation agreement was "not clear" as to which Railroad Retirement Board rules should apply. The court then stated that it was interpreting "any ambiguity" in the separation agreement against the drafter, which it added "appears to be" Husband "because it's not clear." *See, e.g., Gregory G. McGill, P.C. v. Ball*, 254 Ariz. 144, 149, ¶ 16 (App. 2022) ("[W]e construe ambiguous contract provisions against the drafter."); *see also MacMillian v. Schwartz*, 226 Ariz. 584, 589, ¶ 15 (App. 2011) (A property settlement agreement that is incorporated, but not merged, into a dissolution decree "retains its independent contractual status and is subject to the rights and limitations of contract law."). The court then affirmed the order dividing the Railroad Retirement benefits.

¶9            Husband timely appealed. We have jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(1) and -2101(A)(1)–(2).

## DISCUSSION

¶10           Husband argues that the order dividing the railroad retirement benefits is inconsistent with the decree. *See* A.R.S. §§ 25-325(B), -317(F) ("[E]ntry of the decree shall thereafter preclude the modification of the terms of the decree and the property settlement agreement, if any, set forth or incorporated by reference."). He contends

---

divided as community property). Tier II annuities are based on the employee's railroad service and may be divided as community property through court order. *See* 20 C.F.R. § 226.11; 45 U.S.C. § 231(m)(b)(2).

that, because the decree stated there was no community property and that both parties waived their interest in the other's retirement benefits, dividing Husband's non-Tier I benefits as community property violated the decree. We review the superior court's interpretation of a decree of legal separation *de novo. See Quijada v. Quijada*, 246 Ariz. 217, 219, ¶ 5 (App. 2019).

**¶11**		Wife did not file an answering brief. In cases that the Arizona Supreme Court decided before this court existed, when no answering brief was filed, that court developed a general approach that when a debatable issue is raised on appeal, the court would "assume that the failure to file an answering brief is a confession of reversible error on the part of the appellee." *Tiller v. Tiller*, 98 Ariz. 156, 157 (1965). As this court has noted more recently, however, "the confession of error rule is not absolute and can be waived in the discretion of this court." *Eversten v. Indus. Comm'n*, 117 Ariz. 378, 383 (App. 1977).

**¶12**		We have previously noted that there is "no definitive test to identify a debatable issue." *Williams v. Ariz. Dep't of Econ. Sec.*, 1 CA-UB 23-0369, 2025 WL 1466188 at *9, ¶ 56 (Ariz. App. May 22, 2025) (mem. decision). Our supreme court has found a debatable issue where there was "at least grave doubt" about an order being appealed. *Adkins v. Adkins*, 39 Ariz. 530, 532 (1932). We have found that an issue was not debatable when "the answer to the questions is clear," *Honsey v. Honsey*, 126 Ariz. 336, 337 (App. 1980), and when the "[t]he record shows so clearly" the answer to the issue raised, *Air East, Inc. v. Wheatley*, 14 Ariz. App. 290, 294 (1971).

**¶13**		On this record, it is not clear whether the order complied with the decree. *See* A.R.S. §§ 25-325(B), -317(F). The Railroad Retirement Board rules referenced in the decree and separation agreement are not clearly delineated. However, the decree states that "[t]here is no community property," and "[e]ach party WAIVES AND GIVES UP his or her interest in any retirement benefits, pension plan, or other deferred compensation of the other party."

**¶14**		The order dividing railroad retirement benefits cites 45 U.S.C. § 231m as authority for categorizing Husband's non-Tier I annuity as community property. Under 45 U.S.C. § 231m(b)(2), a railroad employee's non-Tier I annuity may be divided as community property "in accordance with a court decree of . . . legal separation or the terms of any court-approved property settlement incident to any such court decree."

**¶15** The order appears to be inconsistent with the Railroad Retirement Act, which provides that spouses of railroad employees are generally eligible for their own annuities. *See* 45 U.S.C. § 231c. The Railroad Retirement Act does not consider a legal separation to be a divorce, and therefore Wife is presumably eligible for a spousal annuity. 20 C.F.R. § 222.21 ("A legal separation . . . is not considered a final divorce for family relationship and benefit entitlement purposes."). A spouse is typically eligible for an annuity about equal to their social security benefit and an annuity equal to 45% of the employee's Tier II benefit. 45 U.S.C. § 231c(a)(1), (b); 20 C.F.R. §§ 226.30(a), 226.32(a). A court order is not needed to receive these annuities.

**¶16** There is a debatable question whether, under the separation agreement, Wife is entitled to Husband's non-Tier I benefits as community property, or if she is only eligible for her own annuity under the Act. This is particularly true given the statement in the decree that there is no community property and the parties waived their interest in retirement benefits of the other party. Accordingly, we vacate the superior court's order.

## CONCLUSION

**¶17** We vacate the order dividing railroad retirement benefits and remand for further proceedings consistent with this decision.

