NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

In re the Matter of:

KEELEY SMITH, *Petitioner/Appellee*,

*v.*

MICHELET MICHAEL SMITH, *Respondent/Appellant*.

No. 1 CA-CV 25-0696 FC

FILED 03-23-2026

Appeal from the Superior Court in Maricopa County
No. FC2025-092515
The Honorable Lisa C. Boddington, Judge *Pro Tempore*

**AFFIRMED**

APPEARANCES

Michelet Michael Smith, Mesa
*Respondent/Appellant*

---

**MEMORANDUM DECISION**

---

Presiding Judge Michael J. Brown delivered the decision of the Court, in which Judge Veronika Fabian and Vice Chief Judge David D. Weinzweig joined.

---

**B R O W N**, Judge:

¶1　　　　Michelet Michael Smith ("Michelet") argues the superior court erred by denying his motions directed at challenging an order of protection obtained by his former wife, Keeley Smith ("Keeley").[1] Although Keeley did not file an answering brief, we affirm because Michelet has not raised any debatable issues.

## BACKGROUND

¶2　　　　In June 2025, Keeley petitioned for an order of protection, alleging Michelet left a note on her car referencing a prior, expiring order of protection. The note stated in part, "enjoy today as it is your last, the only mistake the devil made was to let his existence known, sex is a simple transaction." Keeley also alleged Michelet (1) owned or carried a firearm and (2) mailed a letter to her home in violation of the earlier order of protection.

¶3　　　　The superior court granted Keeley's petition, ordering Michelet to have no contact with her except for email to discuss parenting issues, or through attorneys, legal processes, and court hearings. The court determined Michelet posed a credible threat to Keeley's physical safety and ordered him not to possess firearms under A.R.S. § 13-3602(G)(4).

¶4　　　　Michelet objected, claiming the language used in his note was "philosophical and metaphorical," and not meant to threaten or harass. He asserted the order of protection was a "continuation of retaliatory actions amid civil and family legal proceedings" and the "firearm restriction [against him] lack[ed] a factual nexus to any credible threat." Several days

---

[1]　　　This court recently affirmed the superior court's decree dissolving the parties' marriage. *See In re Marriage of Smith & Smith*, 2 CA-CV 2025-0101-FC, 2026 WL 146663, at *1, ¶ 1 (Ariz. App. Jan. 20, 2026) (mem. decision). For ease of reference here, we use the parties' first names.

later, Michelet requested a hearing on the order of protection. The superior court granted his request and set a contested hearing for August 7, 2025, at 8:30 a.m. Court staff personally served Michelet with the hearing notice.

¶5 Michelet failed to appear at the scheduled time and did not contact the court to explain his absence. According to the minute entry, court staff checked outside the courtroom several times for Michelet, and the court waited until 8:36 a.m. to start the hearing. After the court heard sworn testimony from Keeley, the hearing ended at 8:48 a.m. The court continued the order of protection and amended it to include a Brady Indicator. *See* 18 U.S.C. § 922(g)(8).

¶6 Michelet filed a notice of appeal and moved to modify the order of protection, asserting he had arrived for the hearing at 9:00 a.m. The court denied the motion, explaining only plaintiffs can seek modification, Michelet had actual notice of the hearing, and he failed to provide good cause for his absence. After Michelet unsuccessfully sought clarification and reconsideration, he filed an amended notice of appeal. We have jurisdiction under A.R.S. § 12-2101(A)(1), (5)(b).

## DISCUSSION

¶7 Among other things, Michelet argues the superior court erred by denying him a chance to be heard at the order of protection hearing. We will uphold an order of protection absent an abuse of discretion. *Savord v. Morton*, 235 Ariz. 256, 259, ¶ 10 (App. 2014).

¶8 Applying that standard of review, we analyze Michelet's arguments through the lens of Keeley's failure to file an answering brief. *See Tiller v. Tiller*, 98 Ariz. 156, 157 (1965). When an appellant raises debatable issues and the appellee fails to respond without good cause, we generally construe that failure as a confession of reversible error. *See Nelson v. Nelson*, 91 Ariz. 215, 217 (1962). Debatable issues include circumstances when the opening brief claims error with supporting authority, it would require significant work to refute the opening brief, *Merrill v. Wheeler*, 17 Ariz. 348, 350 (1915), or there is "at least grave doubt" about the superior court's order, *Adkins v. Adkins*, 39 Ariz. 530, 532 (1932). A matter is not debatable, however, when the answer is clear from the record. *Honsey v. Honsey*, 126 Ariz. 336, 337 (App. 1980).

¶9 Michelet contends he was denied due process because the superior court conducted the order of protection hearing without him. When a plaintiff appears for a contested hearing and the defendant fails to appear after receiving actual notice, "the protective order will remain in

3

effect." Ariz. R. Prot. Ord. P. ("ARPOP") 38(f)(1). Actual notice is "[n]otice given directly to, or received personally by, a party." *See Nelson v. Torres*, 2 CA-CV 2023-0169, 2024 WL 940100, at *1, ¶ 6 (Ariz. App. Mar. 5, 2024) (mem. decision) (quoting *Notice*, Black's Law Dictionary (11th ed. 2019)). Michelet does not dispute that he was personally served with notice of the hearing. Nor has he offered any reason for his absence; instead, he merely notes he arrived at 9:00 a.m. Also, because Michelet has not provided a transcript of the hearing, we presume the court acted within its discretion to proceed in his absence. *See* ARCAP 11(c); *Myrick v. Maloney*, 235 Ariz. 491, 495, ¶ 11 (App. 2014).

¶10　　　Michelet asserts the court failed to include specific findings supporting its Brady Indicator, which prohibits an individual subject to a protective order from having a firearm when the order "includes a finding that [the] person represents a credible threat to the physical safety of [an] intimate partner." 18 U.S.C. § 922(g)(8)(C); *see also* A.R.S. § 13-3602(G)(4). In both the original and amended orders of protection, the court found that Michelet "pose[d] a credible threat to the physical safety of [Keeley]." And in its minute entry, the court determined it was appropriate to amend the order of protection to include the Brady Indicator. Michelet has cited no authority suggesting any other findings were necessary. Even so, he cannot prevail on this issue because we presume the missing transcript supports the court's ruling. *See* ARCAP 11(c); *Myrick*, 235 Ariz. at 495, ¶ 11.

¶11　　　Michelet contends the court erred in denying his motion to modify the order of protection. But plaintiffs, not defendants, have a right to request protective order modifications. ARPOP 40(a). And Michelet erroneously relied on Arizona Rule of Family Law Procedure ("ARFLP") 84(a) for his motion for clarification and reconsideration, given that this order of protection case was not held in conjunction with a pending family law proceeding. *See* ARPOP 2 (stating ARFLP applies to an order of protection case when the case is heard along with a pending family law case and ARFLP is not inconsistent with ARPOP).

¶12　　　We reject Michelet's contention that the order of protection violated his right to due process because the court failed "to provide a practical and lawful service mechanism" for him to serve Keeley. Arizona Rule of Civil Procedure 5(c)(2)(D) permits service delivered "by any other means, including electronic means . . . if the court orders service in that manner." The order of protection prohibits Michelet from contacting Keeley except through attorneys, legal process, and court hearings. The order permits Michelet to contact Keeley by email but only "to discuss parenting issues involving the children." As best we can tell, Michelet

believes he violated the order of protection by emailing Keeley and thus Keeley was not properly served. But the court confirmed that she was served. Even so, Michelet has not shown how the court's email restriction deprived him of due process in this case. If the issue arises in future non-parenting proceedings, Michelet may seek clarification on the conditions by which he is permitted to accomplish service.

¶13 Finally, Michelet argues the court's cumulative procedural errors violated his due process rights. Because he has not raised any debatable issue on whether the superior court abused its discretion, Michelet has not demonstrated a due process violation occurred.

**CONCLUSION**

¶14 We affirm.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**: JR