97 P.3d 876

**In re the Marriage of Maria FUENTES, Petitioner–Appellee,**

v.

**Hector FUENTES, Respondent–Appellant.**

**No. 1 CA–CV 03–0589.**

Court of Appeals of Arizona, Division 1, Department C.

Aug. 26, 2004.

As Amended Sept. 28, 2004.

Fromm Smith & Gadow, P.C. by Stephen R. Smith, Jennifer G. Gadow, Phoenix, Attorneys for Petitioner–Appellee.

Daniel J. Siegel, P.C. by Daniel J. Siegel, Phoenix, Attorney for Respondent–Appellant.

## OPINION

WEISBERG, Judge.

¶ 1 Hector Fuentes ("Hector") appeals the trial court's orders regarding child support and spousal maintenance. For the reasons that follow, we affirm in part, reverse in part, and remand for proceedings consistent with this opinion.

## FACTUAL AND PROCEDURAL HISTORY

¶ 2 On September 25, 2002, Maria Fuentes ("Maria") filed a petition for dissolution of marriage. At that time, the parties had been married for more than twenty-one years and had one disabled child over the age of majority and two minor children. The trial court granted temporary custody of all three children to Maria. Effective November 1, 2002, the court ordered Hector to pay temporary child support in the amount of $231 per month for the disabled child and a total of $846 per month for the two minor children. The court also ordered an appraisal of the family residence.

¶ 3 Prior to trial, Hector filed a second amended affidavit of financial information in which he disclosed that he also was the father of two minor children living with him in Tucson. Evidently, Hector had accepted a job in Tucson five or six years earlier and thereafter returned to Phoenix less and less, until he was only visiting every four to six weeks and not staying overnight. After the temporary court orders were issued, Hector did not return to Phoenix to see his children. However, one minor son drove to Tucson three or four times to see Hector.

¶ 4 Maria testified that she had worked both full-time and part-time over the course of the marriage. Due to the needs of her disabled daughter, however, Maria could not work more than thirty-two hours per week. Maria offered into evidence her budget of average anticipated monthly expenses, which the court admitted over objection. Arguing that Hector ought not receive credit for his two children born out of wedlock during the couple's marriage, Maria requested both child support and spousal maintenance.

¶ 5 Hector requested joint custody of the two minor children and visitation at least twice per month. He testified that his gross income was $5333 per month and his net income $4378 per month. He argued that the trial court should take into consideration his two children born out of wedlock when it determined his child support obligation. Specifically, he sought credit in the amount of $1094 for the support of his other two children. However, when asked, "Isn't it true that you've already been supporting these two children in Tucson for years, yet you were depositing your whole paycheck, and [Maria] was able to live in the same lifestyle?" Hector responded, "That's correct."

¶ 6 Following Hector's testimony, his counsel inquired about the opportunity to make closing argument. The court replied that closing arguments were not necessary. Counsel did not pursue the issue further. Following the trial and an agreement reached by the parties concerning the divi-

sion of real property, the trial court entered a signed minute entry resolving all other issues. It ordered Hector to pay child support in the amount of $1450 per month for the three children and spousal maintenance in the amount of $1000 per month for 120 months.

¶ 7 Hector filed a timely notice of appeal. We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") sections 12–120.21(A)(1), and –2101(B) (2003).

## ISSUES

¶ 8 Hector raises five issues on appeal:

1. That the trial court erred by ordering him to pay more than one-half of his net disposable income in child support and spousal maintenance;

2. That the spousal maintenance and child support awards violate the statutory provisions that require the court to consider Hector's current financial needs;

3. That the trial court improperly applied fault to him when calculating child support;

4. That the trial court's award of spousal maintenance was based on inappropriate evidence; and

5. That the trial court improperly refused to permit his counsel to present closing argument.

## DISCUSSION

### A.R.S. SECTION 33–1131

¶ 9 Hector first contends that the trial court abused its discretion by ordering him to pay child support and spousal maintenance ($2450) in an amount that collectively exceeds one-half of his monthly net disposable income ($4378). He argues that the trial court's

award violates A.R.S. § 33–1131(C) (2000), which he interprets as exempting one-half of an obligor's disposable earnings from support orders for any person.[1] As applicable here, Hector asserts that this wage assignment restriction precludes the trial court from ordering child support and spousal maintenance that exceed one-half of Hector's net disposable income for any pay period. Maria responds that A.R.S. § 33–1131(C) limits only the amount of *earnings* that can be subject to *assignment.* She asserts that the statute does not limit the amount of child support and/or spousal maintenance that can be ordered by a trial court. We agree with Maria.

¶ 10 "Awards of maintenance, child support and attorneys' fees are within the trial court's sound discretion and will not be disturbed on appeal absent an abuse of discretion." *Kelsey v. Kelsey,* 186 Ariz. 49, 53, 918 P.2d 1067, 1071 (App.1996) (quoting *In re Marriage of Berger,* 140 Ariz. 156, 167, 680 P.2d 1217, 1228 (App.1983)).

¶ 11 Section 33–1131(C), A.R.S., provides that "in the case of any order for the support of any person ... one-half of the disposable earnings of a debtor for any pay period is exempt from process." For several reasons, we interpret this statute as operating only to exempt from process one-half of a parent's disposable earnings arising during a single pay period, and as not restricting the amounts that may be awarded as child support and/or spousal maintenance.

¶ 12 First, and most importantly, the clear language of A.R.S. § 33–1131 requires this result. When interpreting a statute, the first place a court must look is the statutory language itself. *Tobel v. Ariz.*

---

1. A.R.S. § 33–1131 states, in relevant part, as follows:

**A.** For the purposes of this section, "disposable earnings" means that remaining portion of a debtor's wages, salary or compensation for his personal services, including bonuses and commissions, or otherwise, and includes payments pursuant to a pension or retirement program or deferred compensation plan, after deducting from such earnings those amounts required by law to be withheld.

**B.** Except as provided in subsection C, the maximum part of the disposable earnings of a

debtor for any workweek which is subject to process may not exceed twenty-five per cent of disposable earnings for that week or the amount by which disposable earnings for that week exceed thirty times the minimum hourly wage prescribed by federal law in effect at the time the earnings are payable, whichever is less.

**C.** The exemptions provided in subsection B do not apply in the case of any order for the support of any person. In such case, one-half of the disposable earnings of a debtor for any pay period is exempt from process.

*Dep't of Pub. Safety*, 189 Ariz. 168, 174, 939 P.2d 801, 807 (App.1997); *Chaparral Dev. v. RMED Int'l, Inc.*, 170 Ariz. 309, 311, 823 P.2d 1317, 1319 (App.1991). Of course, when the statutory language is clear and unambiguous, a court need not and should not resort to secondary rules of statutory construction. *See Chaparral Dev.*, 170 Ariz. at 311, 823 P.2d at 1319; *see also City of Phoenix v. Mangum*, 185 Ariz. 31, 35, 912 P.2d 35, 39 (App.1996).

¶ 13 The language of A.R.S. § 33–1131 is clear and unambiguous. Subsection (A) defines "disposable earnings" in a limited manner not extending protection to such items as interest or dividend income, or to tangible assets. Also, the limitations emplaced by subsections (B) and (C) are directed only against process. The statute contains no language extending its application any further.

¶ 14 Second, the apparent purpose of A.R.S. § 33–1131 is to ensure that the noncustodial parent keeps at least one-half of his or her current earnings to provide for his or her current needs. But the factors providing for child support are based, in part, on the noncustodial parent's "financial resources," which may exceed his or her "disposable income." *See* A.R.S. § 25–320(A)(5)(Supp.2003). Obviously, such "financial resources" can include income and assets that are not part of "disposable income." The implication, of course, is that an order of support need not be limited to one-half of the noncustodial parent's disposable income.

¶ 15 Finally, we note that, when faced with a similar challenge based on a similar statute, the Ohio Court of Appeals, concluded:

> Although we find that the trial court erred in ordering withholdings in excess of the limits established by Ohio and federal law, we do not find that the trial court abused its discretion in ordering husband to pay combined support in excess of fifty percent of his net income. The withholding limits imposed by R.C. 3113.21 and Section 1673(b), Title 15, U.S.Code do not impose limitations on a trial court's ability to order support in excess of those limits, but only

restricts the trial court's ability to order wage withholdings beyond those limits.

*Arthur v. Arthur*, 130 Ohio App.3d 398, 720 N.E.2d 176, 184–85 (1998) (R.C. 3113.21 was repealed effective March 2001).

¶ 16 For all these reasons, we conclude that the trial court did not violate A.R.S. § 33–1131 when it ordered Hector to pay more than one-half of his monthly disposable income as child support and spousal maintenance.

## CONSIDERATION OF HECTOR'S CURRENT FINANCIAL NEEDS

■ ¶ 17 Hector next argues that the child support and spousal maintenance awards violate the statutory provisions that require a court to consider his current financial needs. *See* A.R.S. § 25–319(B)(4) (Supp.2003) (requiring the court to consider "[t]he ability of the spouse from whom maintenance is sought to meet that spouse's needs while meeting those of the spouse seeking maintenance"); A.R.S. § 25–320(A)(5) (requiring the court to consider "[t]he financial resources and needs of the noncustodial parent" when awarding child support). We disagree. While we agree that a trial court must consider "all relevant factors, including . . . [t]he ability of the spouse from whom maintenance is sought to meet that spouse's needs while meeting those of the spouse seeking maintenance," A.R.S. § 25–319(B)(4), the record indicates that the trial court appropriately considered the financial needs of each party in reaching its decision.

¶ 18 Hector testified briefly regarding his income, and also addressed what he believed to be the financial position of both parties in the joint pretrial statement filed May 28, 2003. Later, Hector's second amended affidavit of financial information, which he filed with the court on June 9, 2003, provided a detailed explanation of his financial situation. Although the trial court's signed minute entry does not specifically detail Hector's financial situation, the foregoing evidence is presumed to have been fully considered by the court prior to issuing its decision. *See Able Distrib. Co. v. James Lampe, Gen. Contractor*, 160 Ariz. 399, 409, 773 P.2d 504, 514

(App.1989) ("We presume that after admitting this evidence, the trial court considered it."). We, therefore, see no error.

## APPLICATION OF FAULT IN CALCULATING CHILD SUPPORT

¶ 19 Next, Hector argues that the trial court improperly considered his "fault" when calculating child support. Citing A.R.S. § 25–320(A), Hector asserts that the trial court's conclusion that he was "deceitful" by having an extramarital affair indicated the court's improper consideration of marital misconduct. On this point, we agree with Hector.

¶ 20 In its minute entry, the trial court stated it did not credit Hector for his two children born out of wedlock. Specifically, the court stated that Hector's "actions in starting a new family without the knowledge of his current family was [sic] deceitful and he should not be permitted to benefit from his actions."

¶ 21 Section 25–320(A) provides that "the court may order either or both parents owing a duty of support to a child, born to or adopted by the parents, to pay an amount reasonable and necessary for support of the child, *without regard to marital misconduct.*" (Emphasis added.) Further, it is well established that Arizona does not consider the fault of the parties in determining child support. *See, e.g., Estes v. Superior Court,* 137 Ariz. 515, 517, 672 P.2d 180, 182 (1983) ("Under Arizona's 'no fault' divorce laws .... '[q]uestions of financial support, including spousal support, child support and spousal maintenance, are to be determined in the dissolution proceedings on the basis of the status and needs of the parties at the time of the dissolution, and not marital misconduct.' ") (quoting *Marce v. Bailey,* 130 Ariz. 443, 445, 636 P.2d 1225, 1227 (App. 1979)). Fault may only be considered in awarding spousal maintenance or child support if there is "[e]xcessive or abnormal expenditures, destruction, concealment or fraudulent disposition of community, joint tenancy and other property held in common." *Oppenheimer v. Oppenheimer,* 22 Ariz.App. 238, 244, 526 P.2d 762, 768 (1974).

¶ 22 The issue here, then, is whether the court improperly considered Hector's deceptive behavior when making its child support calculations. Maria contends that the court simply applied the Guidelines as required by A.R.S. § 25–320(A). Although she argues that the trial court was empowered to exclude the consideration of the two out-of-wedlock children on the basis of "abnormal expenditure," the trial court's signed minute entry reflects that the two children were excluded from the support calculation, at least in part, because Hector "should not be permitted to benefit from" his "deceitful" behavior.

¶ 23 An abuse of discretion exists when the trial court commits an error of law in the process of exercising its discretion. *Grant v. Ariz. Pub. Serv. Co.,* 133 Ariz. 434, 455–56, 652 P.2d 507, 528–29 (1982) (citing *Brown v. Beck,* 64 Ariz. 299, 302, 169 P.2d 855, 857 (1946)). Given the trial court's apparent reliance upon Hector's deceit in determining to exclude the two out-of-wedlock children from the child support calculation, and even though the amount awarded may otherwise have been within its discretion, we conclude that the trial court abused its discretion in reaching the child support award.

## EVIDENCE OF MARIA'S ANTICIPATED MONTHLY EXPENSES

¶ 24 Hector also argues that the trial court abused its discretion by relying on Maria's anticipated monthly expenses, contained in trial Exhibit No. 2, to determine the appropriate amount of spousal maintenance. He contends that this information was inadmissible hearsay and lacking in foundation. Maria responds that the evidence was not hearsay and was appropriately admitted. "We will not disturb a trial court's ruling on the admissibility of evidence absent a clear abuse of discretion and resulting prejudice." *Jimenez v. Wal–Mart Stores, Inc.,* 206 Ariz. 424, 427, ¶ 10, 79 P.3d 673, 676 (App.2003).

¶ 25 During her testimony, Maria identified the subject document as a copy of the budget she personally prepared for trial. Thus, proper foundation was established for

the exhibit through identification testimony. *See* Ariz. R. Evid. 901(a) ("The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.").

¶ 26 Of course, the exhibit itself was hearsay evidence. Hearsay is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Ariz. R. Evid. 801(c). Maria's budget of average anticipated monthly expenses was an out-of-court statement offered to prove the truth of the matter asserted, and an out-of-court statement does not escape the confines of hearsay simply because the statement was made by the declarant. *See* Ariz. R. Evid. 801(b) ("A 'declarant' is a person who makes a statement."). Although statements made by a declarant "while testifying at the trial or hearing," are not considered hearsay, Ariz. R. Evid. 801(c), the document containing Maria's budget was not a statement made while the declarant was testifying at trial. Therefore, the document constituted hearsay.

¶ 27 Notwithstanding it being hearsay, the admission of this evidence did not prejudice Hector. Despite it being hearsay, we will not disturb the trial court's admission of the document absent both a clear abuse of discretion and resulting prejudice. *Elia v. Pifer*, 194 Ariz. 74, 79, 977 P.2d 796, 801 (App.1998). In this instance, there was no prejudice.

¶ 28 First, Maria testified as a witness at trial and was subject to cross-examination by Hector's counsel who questioned her regarding the figures contained in her budget. Second, the contents of Maria's budget were similar to those contained in her affidavit of financial information ("AFI"), admitted as trial Exhibit No. 1. Although Maria's budget was potentially cumulative to her AFI, it did not substantially alter its contents. In such circumstances, the erroneous admission of

evidence that is substantially cumulative may constitute harmless error. *See State v. Williams*, 133 Ariz. 220, 227, 650 P.2d 1202, 1209 (1982).

¶ 29 We also note that the introduction of this type of evidence in a marriage dissolution proceeding is fairly routine. *See, e.g., Gutierrez v. Gutierrez*, 193 Ariz. 343, 348–49, ¶ 21, 972 P.2d 676, 681–82 (App.1998) (accepting as appropriate the introduction of a budget reflecting the wife's average monthly expenses). Finally, because this was a bench trial, we assume, unless it affirmatively appears to the contrary, that the trial judge only considered the competent evidence in arriving at its final judgement. *State v. Warren*, 124 Ariz. 396, 402, 604 P.2d 660, 666 (App.1979). For all these reasons, we find no prejudice and no resulting abuse of discretion in the trial court's admission into evidence of Maria's expected monthly budget.

## CLOSING ARGUMENT

¶ 30 Finally, citing Rule 39(b) of the Arizona Rules of Civil Procedure, Hector contends that the trial court abused its discretion by not allowing Hector's counsel to present closing argument. We, however, find no error in the trial court's decision.

¶ 31 We note, initially, that a party does not necessarily possess an absolute right to presentation of closing argument. *See Daru v. Martin*, 89 Ariz. 373, 381, 363 P.2d 61, 66 (1961) ("Despite the common assumption that presentation of argument is a right, it is not one of an absolute nature except where expressly made so by constitutional or statutory provision.").[2] There is no constitutional or statutory provision that guarantees parties in a civil bench trial the right to present closing argument. Indeed, it appears to be accepted practice for parties involved in a bench trial to forgo closing argument. *See, e.g., Ahwatukee Custom Estates Mgmt. Ass'n v. Bach*, 191 Ariz. 87, 88–89, 952 P.2d 325, 326–27 (App.1997) (submitting written closing argument memoranda in

2. This case was superseded by rule on other grounds, as stated in *Davis v. Davis*, 195 Ariz.

158, 985 P.2d 643 (App.1999).

**58**

lieu of oral argument in light of time constraints), *vacated in part on other grounds,* 193 Ariz. 401, 973 P.2d 106 (1999).

¶ 32 Moreover, "trial judges are presumed to know the law and to apply it in making their decisions," *State v. Trostle,* 191 Ariz. 4, 22, 951 P.2d 869, 887 (1997) (citation omitted), and the need for a summary argument at the close of evidence is not always helpful to the trial court acting as the trier of both fact and law. The trial in this case lasted only one day—clearly not so burdensome to the trial judge as to render him incapable of summarizing the facts and law for himself.

¶ 33 Also, Hector's citation to Rule 39(b)(3) of the Arizona Rules of Civil Procedure is misplaced. This rule is specific to jury trials and is, therefore, inapplicable here. For all of these reasons, we find no error in the trial court's decision to forgo closing arguments in the present case.

## ATTORNEYS' FEES

¶ 34 Hector requests attorneys' fees and costs on appeal pursuant to A.R.S. § 25-324 (2000) and Rule 21(c) of the Arizona Rules of Civil Appellate Procedure. Maria also requests attorneys' fees on appeal under A.R.S. § 25-324. When both parties have similar financial resources and when neither has taken an unreasonable position on appeal, it is appropriate to permit each party to bear his or her own fees on appeal. *Gutierrez,* 193 Ariz. at 351, ¶ 35, 972 P.2d at 684. Accordingly, we deny both parties' requests for fees on appeal.

## CONCLUSION

¶ 35 For the foregoing reasons, we affirm all of the trial court's orders except for those regarding child support and spousal maintenance that were premised on husband's fault, which we remand for further proceedings consistent with this opinion.

CONCURRING: G. MURRAY SNOW, Presiding Judge and JOHN C. GEMMILL, Judge.