219 P.3d 250

**Leigh SOROKIN, M.D., in his capacity as Petitioner for Court–Ordered Evaluation, Petitioner,**

**v.**

**The Honorable Patricia ARNOLD, Commissioner of the Superior Court of the State of Arizona, in and for the County of Maricopa, Commissioner,**

**I.T., Real Party in Interest.**

**No. 1 CA–SA 09–0130.**

Court of Appeals of Arizona, Division 1, Department B.

Oct. 27, 2009.

---

* The Honorable Ann A. Scott Timmer, Chief Judge of Division One of the Arizona Court of Appeals, is authorized to participate in this appeal pursuant to A.R.S. § 12–120(F) (2003).

Andrew P. Thomas, Maricopa County Attorney by Bruce P. White, Deputy County Attorney, Anne C. Longo, Deputy County Attorney, Phoenix, Attorneys for Petitioner.

James J. Haas, Maricopa County Public Defender by Tennie B. Martin, Deputy Public Defender, Phoenix, Attorneys for Real Party in Interest.

## OPINION

TIMMER, Chief Judge.

¶1 A health care screening agency planning to file a petition for court-ordered evaluation alleging the proposed patient is a danger to others first must submit the petition for review by the county attorney. Ariz.Rev. Stat. ("A.R.S.") § 36–521(G) (2009). The county attorney must then make one of three written recommendations to the agency: (1) a criminal investigation is warranted; (2) the agency shall file the petition; or (3) no further proceedings are warranted. *Id.* In this special action, we are asked to decide whether the screening agency, at the time it files a petition subject to § 36–521(G), must provide the court with any recommendation made by the county attorney or only one recommending no further proceedings. For the following reasons, we hold that a screening agency must attach a recommendation only when the county attorney concludes that further proceedings against the proposed patient are not warranted.

## BACKGROUND

¶2 The superior court is authorized to order the evaluation of any person if a petition filed by a screening agency reveals reasonable cause to believe the person has a

mental disorder and, as a result, is "a danger to self or others, is persistently or acutely disabled or is gravely disabled." A.R.S. § 36–529(A) (2009). On June 8, 2009, Judge *Pro Tempore* Patricia Arnold sent an e-mail to the Maricopa County Attorney's Office advising that the court would no longer issue orders to detain a person for evaluation unless the screening agency and the county attorney's office comply with A.R.S. § 36–521(G), which provides as follows:

If a petition for court-ordered evaluation alleges danger to others as described in § 36–501, the screening agency shall, prior to filing such petition, contact the county attorney for a review of the petition. The county attorney shall examine the petition and make one of the following written recommendations:

1. That a criminal investigation is warranted.

2. That the screening agency shall file the petition.

3. That no further proceedings are warranted. The screening agency shall consider such recommendation in determining whether a court-ordered evaluation is justified and shall include such recommendation with the petition if it decides to file the petition with the court.

Although the court's interpretation of this provision was not clear from the e-mail, it became so days later when the petition at issue in this special action was filed with the court.

¶ 3 Petitioner, Dr. Leigh Sorokin, deputy director of a health care screening agency, determined that real-party-in-interest I.T. was a danger to self, a danger to others, and was persistently or acutely disabled. Consequently, on June 11, Dr. Sorokin filed a petition for court-ordered evaluation against I.T. pursuant to A.R.S. § 36–523 (2009), which mandates the content of such petitions. Section 36–523(C) requires the screening agency to attach various documents, including "the recommendation of the county attorney pursuant to § 36–521 ... unless such documents have not been prepared under a provision of law or in accordance with an order of the court." Dr. Sorokin did not attach a written recommendation from the

county attorney regarding the petition. The court refused to sign the provided detention order without explanation.

¶ 4 On June 12, Dr. Sorokin moved for reconsideration of the court's denial of the detention order. The motion assumed the court interpreted § 36–521(G) as requiring a screening agency to attach any county attorney recommendation listed in that provision rather than just a recommendation that no further proceedings are warranted, and asked the court to reconsider this interpretation. Alternatively, Dr. Sorokin asked the court to stay its apparent restrictive interpretation of A.R.S. § 36–521(G) when ruling on future petitions to allow her to seek special action relief from this court.

¶ 5 The court denied the motion for reconsideration. It reasoned, in relevant part, as follows:

THE COURT FINDS that the screening agency and the County Attorney have failed to comply with A.R.S. 36–521(G) and that the County Attorney has failed to follow their procedure wherein they have previously complied with the statute and have provided a written recommendation[ ] regarding the danger to other[s] allegations.

THE COURT FINDS that the County Attorney procedure regarding the written recommendation has been in existence since 1991.

THE COURT FINDS that A.R.S. § 36–521(G) requires the screening agency to contact the County Attorney['s] Office prior to the filing of their petition for court-ordered evaluation if that petition alleges danger to other[s] as described in section 36–501.

. . . .

THE COURT FURTHER FINDS that after the County Attorney has reviewed the petition for court-ordered evaluation alleging danger to others that the screening agency *shall* consider such recommendation of the County Attorney.

THE COURT FINDS that the statute clearly states the screening agency "*shall* include such recommendation with the pe-

tition if it decides to file the petition with the Court."

(Emphasis in original.) The court attached to its ruling county attorney recommendations made pursuant to § 36–521(G)(2) that accompanied prior petitions and noted the county attorney had followed this procedure since 1991. Finally, the court granted the requested stay in order to allow Dr. Sorokin to file this special action.

¶ 6 We previously accepted jurisdiction of this special action and granted relief. In our order, we stated that a detailed written disposition fully explaining our decision would follow. This opinion provides that explanation.

## JURISDICTION

■ ¶ 7 Dr. Sorokin argues we should accept special action jurisdiction because the denial of a detention order is not appealable and, alternatively, the issue raised is one of statewide importance. I.T. counters the order is appealable pursuant to A.R.S. § 12–2101(D) (2003) because it is an order "affecting a substantial right" and "in effect determines the action and prevents judgment from which an appeal might be taken." We disagree with I.T. A detention order is not necessary for a hearing to proceed on court-ordered treatment. *See* A.R.S. § 36–529. Thus, the court's refusal to enter one did not prevent judgment from which an appeal may be taken. We take special action review because (1) no adequate remedy exists by appeal, (2) the issue is one of statewide interest, and (3) the claimed error is a legal one that can be readily addressed without the need for an extensive record.

## DISCUSSION

■ ¶ 8 The cardinal rule of statutory interpretation is to ascertain legislative intent. *City of Phoenix v. Superior Court,* 139 Ariz. 175, 178, 677 P.2d 1283, 1286 (1984). In doing so, we look first to the statute's language, *Calmat of Ariz. v. State ex rel. Miller,* 176 Ariz. 190, 193, 859 P.2d 1323, 1326 (1993), and will ascribe plain meaning to its terms. *Rineer v. Leonardo,* 194 Ariz. 45, 46, ¶ 7, 977

P.2d 767, 768 (1999). If the language is ambiguous, we employ secondary principles of statutory construction to glean legislative intent. *Fuentes v. Fuentes,* 209 Ariz. 51, 54–55, ¶ 12, 97 P.3d 876, 879–80 (App.2004).

¶ 9 The dispute in this special action focuses on the last sentence in A.R.S. § 36–521(G), which provides, "[t]he screening agency shall consider such recommendation in determining whether a court-ordered evaluation is justified and shall include such recommendation with the petition if it decides to file the petition with the court." *See supra* ¶ 2. Dr. Sorokin argues that "such recommendation" solely refers to the county attorney's recommendation that no further proceedings are warranted. I.T. argues, and the court agreed, that "such recommendation" refers to any recommendation made by the county attorney, including that a criminal investigation is warranted and that the screening agency shall file the petition. Because both interpretations are plausible under the plain language of § 36–521(G), we turn to secondary principles of statutory construction to glean the legislature's intended meaning. *Fuentes,* 209 Ariz. at 54–55, ¶ 12, 97 P.3d at 879–80.

¶ 10 The context of the contested language supports Dr. Sorokin's interpretation of § 36–521(G). *J.L.F. v. Ariz. Health Care Cost Containment Sys.,* 208 Ariz. 159, 162, ¶ 15, 91 P.3d 1002, 1005 (App.2004) (acknowledging statutory context relevant to interpretation). The sentence requiring attachment of "such recommendation" is set forth in subsection (3) of § 36–521(G), which relates to the recommendation that no further proceedings are warranted, rather than as a separate, concluding sentence. *See supra* ¶ 2. Thus, placement of the sentence in subsection (3) supports a conclusion that "such recommendation" solely refers to the recommendation described in that subsection.

¶ 11 The legislative history also supports Dr. Sorokin's interpretation of § 36–521(G). When the legislature first added subsection (G) in 1979, the requirement of attaching the county attorney's recommendation to the petition was separate from subsection (G)(3),[1]

---

1. Prior to the 1979 amendment, § 36–521(G) had

read, "The petition shall be made in the form

thereby supporting a conclusion that the requirement applied to any of the three listed recommendations. Among other changes, however, the 1989 amendment moved the attachment requirement into subsection (3). 1989 Ariz. Sess. Laws, ch. 284, § 3 (1st Reg. Sess.). We assume the legislature intended to change the scope of the attachment requirement by moving it to subsection (3). *Lake Havasu City v. Mohave County*, 138 Ariz. 552, 558, 675 P.2d 1371, 1377 (App.1983) ("[W]hen the legislature amends a statute we must presume [it] intended to change existing law rather than perform a futile act.").

¶ 12 After considering the effect of I.T.'s construction of the statute, we further conclude Dr. Sorokin's view is the better one. *J.L.F.*, 208 Ariz. at 162, ¶ 15, 91 P.3d at 1005 (noting examination of effects and consequences of alternate constructions helpful to discerning legislative intent). As Dr. Sorokin points out, no reason appears why the legislature would want a screening agency to consider or attach to a petition the county attorney's recommendation for criminal investigation made under subsection § 36–521(G)(1). Whether a criminal investigation is warranted has no bearing on whether the court should grant a petition for evaluation. To avoid this seemingly irrelevant requirement, the statute is more properly interpreted to require attachment only of a recommendation made pursuant to subsection (3). *See City of Phoenix*, 139 Ariz. at 178, 677 P.2d at 1286 (holding court should interpret statute so as to give it "a fair and sensible meaning").

¶ 13 In summary, we hold that a health care screening agency is required to include with any petition subject to A.R.S. § 36–521(G) only a recommendation of the county attorney made pursuant to subsection (3) that no further proceedings are warranted. The agency is not required to include with the petition recommendations made pursuant to subsections (1) or (2).[2] Therefore, we accept jurisdiction and grant relief to Dr. Sorokin by vacating the superior court's order denying his motion for reconsideration. We further instruct the court to decide the merits of Dr. Sorokin's petition under the proper interpretation of A.R.S. § 36–521(G).

CONCURRING: PATRICIA K. NORRIS and PATRICIA A. OROZCO, Judges.

---

and manner prescribed by the director." In 1979 it was amended to read:
   G. If a petition for court-ordered evaluation is based only upon behavior which constitutes danger to others as defined in section 36–501, paragraph 3, subdivision (a), the screening agency shall, prior to filing such petition, contact the county attorney for a review of the petition. The county attorney shall examine the petition and make one of the following recommendations:
   1. That a criminal investigation is warranted; or,
   2. That the screening agency shall file the petition; or,
   3. That no further proceedings are warranted.

The screening agency shall consider such recommendation in determining whether a court-ordered evaluation is justified and shall include such recommendation with the petition if it decides to file the petition with the court.
1979 Ariz. Sess. Laws, ch. 64, § 19 (1st Reg. Sess.).

2. The fact that screening agencies in prior years had attached to petitions the county attorney's recommendations made pursuant to subsections (1) and (2) does not control resolution of the issue presented in this special action. Nothing in § 36–521(G) prevents an agency from attaching such recommendations.