NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

ARIANNE B., *Appellant*,

*v.*

DEPARTMENT OF CHILD SAFETY, A.B., *Appellees*.

No. 1 CA-JV 16-0181
FILED 12-29-16

---

Appeal from the Superior Court in Maricopa County
Nos.     JD15447
JS17904
The Honorable Alison S. Bachus, Judge

**AFFIRMED**

---

COUNSEL

Law Office of H. Clark Jones, L.L.C., Mesa
By Clark Jones
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By Carol A. Salvati
*Counsel for Appellee*, Department of Child Safety

---

**MEMORANDUM DECISION**

Judge Jennifer B. Campbell[1] delivered the decision of the Court, in which Acting Presiding Judge Samuel A. Thumma and Judge Margaret H. Downie joined.

---

**C A M P B E L L**, Judge:

¶1      Arianne B. appeals a juvenile court order terminating her parental rights to her daughter A.B. On appeal, she argues the juvenile court erred in finding two statutory grounds for termination and that termination was in A.B.'s best interests. Because reasonable evidence supports the juvenile court's findings that Arianne was unable to discharge her parental responsibilities due to chronic substance abuse under Arizona Revised Statutes ("A.R.S.") section 8-533(B)(3) (Supp. 2015) and that termination was in A.B.'s best interests, we affirm.

**FACTS[2] AND PROCEDURAL HISTORY**

¶2      A.B. was exposed to methamphetamine at birth in 2006 and taken into care. Although Arianne later regained custody of A.B., she had only parented her for seven months when Arianne consented to A.B. being placed under the guardianship of her maternal grandmother, *see* A.R.S. § 14-5204 (2012) (court appointment of guardian of minor), because Arianne was sentenced to 2.5 years in prison for her second driving while intoxicated conviction. In 2014, Arianne sought to revoke the maternal grandmother's guardianship. In March 2014, A.B.'s guardian ad litem filed a dependency petition; the Department of Child Safety ("DCS") soon thereafter substituted in as the petitioner. Five months later, Arianne committed her third DUI offense and was sentenced to another 2.5 years of imprisonment.

---

[1]The Honorable Jennifer B. Campbell, Judge of the Arizona Superior Court, has been authorized to sit in this matter pursuant to Article VI, Section 3 of the Arizona Constitution.

[2]This court views the evidence in a light most favorable to sustaining the juvenile court's findings. *See Manuel M. v. Ariz. Dep't of Econ. Sec.*, 218 Ariz. 205, 207, ¶ 2, 181 P.3d 1126, 1128 (App. 2008).

¶3          In March 2015, DCS filed both a motion (in the dependency action) and a petition (given that A.B. had not yet been found dependent as to Mother) to terminate Mother's parental rights. In April 2015, the juvenile court found A.B. dependent as to Arianne, when she denied the allegations but submitted the matter to the court, and the superior court adopted a case plan of severance and adoption. At the contested severance adjudication, DCS presented evidence of Arianne's significant history of alcohol and methamphetamine abuse. Arianne testified she had maintained sobriety during her incarceration, but admitted her last and longest period of sobriety was, primarily, during the time she was incarcerated. A psychologist who had examined Arianne testified that "sobriety in a controlled setting does not generalize" and the recidivism rate for individuals with Arianne's methamphetamine use pattern was "enormously high." A psychologist who evaluated A.B. testified that A.B. was "very well-adjusted in her placement" with her maternal grandmother.

¶4          The juvenile court terminated Arianne's parental rights under A.R.S. § 8-533(B)(3) (inability to discharge parental responsibilities due to substance abuse) and A.R.S. § 8-533(B)(4) (length of incarceration), and found that termination was in A.B.'s best interests. *See Michael J. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 246, 249, ¶ 12, 995 P.2d 682, 685 (2000) (termination requires a juvenile court to find at least one statutory basis for termination and that termination is in child's best interests).[3]

## DISCUSSION

I.      Inability to Discharge Parental Duties Due to Substance Abuse

¶5          Arianne argues the juvenile court erred in finding there was clear and convincing evidence that she was unable to discharge her parental duties because, at the time of the severance hearing, she had maintained her sobriety for nineteen months during her incarceration and planned to maintain her sobriety after her release. *See* A.R.S. § 8-537(B) (2014) (finding of statutory ground for termination must be based on clear and convincing evidence). Viewing the evidence in the light most favorable to sustaining the termination order, *see Jordan C. v. Ariz. Dep't of Econ. Sec.*, 223 Ariz. 86,

---

[3]Although the juvenile court also terminated the parental rights of A.B.'s father under A.R.S. § 8-533(B)(8) (out-of-home placement for nine months or longer and parent has substantially neglected or willfully refused to remedy circumstances that caused out-of-home placement), he is not a party to this appeal.

93, ¶ 18, 219 P.3d 296, 303 (App. 2009) (citation omitted), Arianne has shown no error.

**¶6**         We will affirm the juvenile court's termination order when, as here, it is supported by reasonable evidence. *Id.* ("The juvenile court . . . is in the best positon to weigh the evidence, observe the parties, judge the credibility of witnesses, and resolve disputed facts.") (quotations and citations omitted). The juvenile court can terminate parental rights under A.R.S. § 8-533(B)(3) when a parent's history of chronic abuse of alcohol or a controlled substance renders the parent unable to discharge his or her parental responsibilities and the juvenile court finds "there are reasonable grounds to believe that the condition will continue for a prolonged indeterminate period." Under A.R.S. § 8-533(B)(3) "temporary abstinence from drugs and alcohol does not outweigh [a parent's] significant history of abuse." *Jennifer S. v. Dep't of Child Safety*, 240 Ariz. 283, 288, ¶ 17, 378 P.3d 725, 730 (App. 2016) (quotations and citations omitted).

**¶7**         The juvenile court properly found that Arianne had a history of chronic substance abuse. The juvenile court weighed several factors, including Arianne's thirty-year history of abusing alcohol, her three DUI convictions, her use of methamphetamine over an eight-year period, her use of methamphetamine less than two months before her third DUI, that A.B. was exposed to methamphetamine at birth, and that Arianne's longest period of sobriety was when she was incarcerated. The juvenile court did not err in concluding Arianne's abuse of alcohol and methamphetamine was "chronic" within the meaning of A.R.S. § 8-533(B)(3). *Jennifer S.*, 240 Ariz. at 288, ¶ 17, 378 P.3d at 730 ("Chronic substance abuse is long-lasting but not necessarily constant substance abuse.") (citation omitted).

**¶8**         Reasonable evidence also properly supports the juvenile court's findings that Arianne's substance abuse made her unable to discharge her parental responsibilities. At the time of the severance hearing, A.B. was nine years old. The juvenile court found that Arianne had been A.B.'s primary caretaker for less than a year of A.B.'s life and Arianne admitted that substance abuse had impacted her ability to parent A.B. Moreover, for seven of A.B.'s nine years of life, she had been in the care of her maternal grandmother.

**¶9**         Reasonable evidence supports the juvenile court's finding that there were reasonable grounds to believe that Arianne's abuse of alcohol and methamphetamine would continue for a prolonged indeterminate period. Although Arianne argues the juvenile court "ignored" her testimony on her sobriety and only "relied" on DCS's

evidence, the juvenile court's order states that it "carefully considered all of the testimony and admitted exhibits." *See Fuentes v. Fuentes*, 209 Ariz. 51, 55-56, ¶ 18, 97 P.3d 876, 880-81 (App. 2004) (appellate court presumes trial court has considered evidence presented before making a decision) (citation omitted).

**¶10** The juvenile court weighed Arianne's history of alcohol and drug abuse, including her inability to maintain sobriety outside of a controlled setting. The juvenile court also noted Arianne's support system for maintaining sobriety after her release from prison would be "essentially the same" as when she had previously been released and then relapsed. Arianne also admitted that after her release, she planned to continue to interact with her "triggers," including people with whom she had previously abused methamphetamine. Thus, reasonable evidence supports the juvenile court's determination that Arianne's substance abuse would continue for a prolonged and indeterminate time. *See Raymond F. v. Ariz. Dep't of Econ. Sec.*, 224 Ariz. 373, 379, ¶ 29, 231 P.3d 377, 383 (App. 2010) (severance of father's parental rights who had a cycle of drug abuse for decades affirmed; a child's interest in permanency must prevail over a parent's "uncertain battle with drugs") (citation omitted).

**¶11** Accordingly, the juvenile court did not err in terminating Arianne's parental rights under A.R.S. § 8-533(B)(3). *See Jennifer S.*, 240 Ariz. at 288-89, ¶¶ 18-25, 378 P.3d at 730-31 (decades long substance abuse, including previous failed efforts to maintain sobriety and evidence of a high risk of relapse, supported termination of mother's parental rights under A.R.S. § 8-533(B)(3)). Therefore, we need not address Arianne's argument that the superior court erred in terminating her parental rights based on the length of her felony sentence under A.R.S. § 8-533(B)(4). *See Michael J.*, 196 Ariz. at 251, ¶ 27, 995 P.2d at 687 (if appellate court affirms one statutory basis, it need not address other statutory bases for termination).

II.     Best Interests Analysis

**¶12** Arianne next argues the juvenile court erred in finding that termination of her parental rights was in A.B.'s best interests because DCS failed to establish that termination would provide an affirmative benefit to A.B. or that continuing the parental relationship would produce a specific detriment. *See Dominique M. v. Dep't of Child Safety*, 240 Ariz. 96, 98, ¶ 8, 376 P.3d 699, 701 (App. 2016) (DCS must prove affirmative benefit or that severance eliminates a detriment if parental rights continue) (citations omitted). Again, we disagree.

¶13      The juvenile court made several findings demonstrating an affirmative benefit to A.B. The juvenile court found A.B. was "thriving" in her placement with her maternal grandmother, who had been A.B.'s primary caregiver for years, *see supra* ¶ 2, and who was willing to adopt A.B. *See Audra T. v. Ariz. Dep't of Econ. Sec.*, 194 Ariz. 376, 377, ¶ 5, 982 P.2d 1290, 1291 (App. 1998) (immediate availability of adoptive placement and whether placement meets child's needs support termination). Furthermore, after considering testimony that A.B. had anxiety and a "need for permanency and consistency," the juvenile court found termination would benefit A.B. because it would assure she would remain in a stable and drug-free home. The juvenile court also weighed the detriment of prolonging A.B.'s anxiety and the significant likelihood that Arianne's substance abuse would resume.

¶14      Arianne additionally argues that termination of her parental rights would be detrimental to A.B. because of their significant bond. This argument attempts to have this court reweigh the evidence, and we decline to do so. *See Dominque M.*, 240 Ariz. at 98, ¶ 9, 376 P.3d at 701 (mother's claim DCS failed to show termination was in children's best interests because she shared a bond with her children improperly sought to have appellate court reweigh evidence). Accordingly, reasonable evidence supports the juvenile court's determination that termination was in A.B.'s best interests.

## CONCLUSION

¶15      For the reasons discussed, we affirm the juvenile court's order terminating Arianne's parental rights to A.B.

