NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

TRICIA A. SMITH, *Petitioner/Appellee,*

*v.*

HEATH A. SMITH, *Respondent/Appellant.*

No. 1 CA-CV 21-0300 FC
FILED 2-3-2022

Appeal from the Superior Court in Maricopa County
No. FC2020-004769
The Honorable Monica Edelstein, Judge

**AFFIRMED**

COUNSEL

Tiffany & Bosco PA, Phoenix
By Kelly Mendoza
*Counsel for Petitioner/Appellee*

The Sampair Group PLLC, Glendale
By Patrick S. Sampair
*Counsel for Respondent/Appellant*

---

**MEMORANDUM DECISION**

Judge Randall M. Howe delivered the decision of the court, in which Presiding Judge Jennifer B. Campbell and Judge James B. Morse Jr. joined.

---

**H O W E**, Judge:

¶1        Heath A. Smith ("Husband") appeals the family court's award of $1,500 per month of spousal maintenance for 20 years. Father argues first that the family court erred in considering the parties' relationship before marriage to set the award duration. He argues second that the court failed to consider his financial needs in setting the award amount. Neither argument warrants reversal. Although the court found that Husband and Wife had lived as a "married community" for over 20 years in setting the duration of the award, the court found other facts to support the duration, and any error did not prejudice Husband. And although the court did not state explicitly that it considered Husband's financial needs in setting the amount of the award, Husband presented evidence of his financial position, and nothing shows that the court ignored his financial needs. We therefore affirm the award.

**FACTS AND PROCEDURAL HISTORY**

¶2        Husband and Wife were married in 2009 but had lived together for approximately 10 years before. They have four children, three of whom are minors and two of whom were adopted. The parties separated in June 2020, and Wife later petitioned for dissolution of their marriage. She simultaneously moved for temporary orders, requesting spousal maintenance of $1,500 per month. Soon after, Husband responded to the petition, alleging that Wife was capable of gainful employment and did not need spousal maintenance.

¶3        Husband works as an electrical foreman and stated in his Affidavit of Financial Information ("AFI") that he grosses $5,120 monthly and $32 hourly. The pay statement he provided with his AFI included two hours of overtime work. Wife also filed an AFI, attesting that she is a stay-at-home mother and that her disability, which she later testified is a genetic disorder affecting her joints, spine, and hips, precludes her from working. She listed as income $1,931 per month in adoption subsidies for two of the children, part of the parties' Adoption Assistance Program Agreement.

¶4          The court held a hearing on Wife's motion for temporary orders and ruled on child support, use of the marital residence, and distribution of the adoption subsidy, among other things. The family court later conducted an evidentiary hearing. Wife testified that her genetic disorder impinged the nerves in her legs and that, along with a heart condition, made her unable to work. She stated that she also planned to schedule spine surgery. She added that she had applied for Social Security Disability Insurance ("SSDI") but was denied because she did not have enough working credits. She had later applied for Supplemental Security Income ("SSI") twice but was denied both times because Husband's income exceeded the income limit. She also testified that the adoption subsidy for both adopted children was her only source of income and that after the divorce was finalized, she would again apply for SSI. Private health insurance, however, could cost her between $500 and $600 per month. Turning to the issue of Husband's income, she testified that he regularly worked overtime and performed "side work" outside of his normal employer. Wife added that she had also taken out a $10,000 personal loan from family to help with expenses.

¶5          Husband later testified that he earned $32 per hour and spent $4,285.32 per year insuring the children. He added that he stopped doing side work, the last time being seven-to-eight years ago, and that although he had worked more overtime after the parties separated, he would not continue to work weekends or overtime. He further testified that Wife was the "perfect mom," had been actively involved in the children's lives and schooling before her health declined, and had planned to work after the children grew older. He added that Wife takes prescription opiates for her health condition that make her drowsy and preclude her from working; without taking the medication, she would be able to work.

¶6          The court issued a decree of dissolution that determined legal decision-making, parenting time, child support, division of assets including awarding Wife half of Husband's retirement 401(k), and spousal maintenance. The court also awarded Wife $849 in monthly child support; in calculating this amount, it attributed the $1,931 adoption subsidy as Wife's gross monthly income. The court listed $5,960 as income to Husband. The court also found that Wife was entitled to spousal maintenance under A.R.S. § 25–319(A).

¶7          On the issue of amount and duration of spousal maintenance under A.R.S. § 25–319(B), the court found that (1) the parties were "legally married for approximately ten year[s] but ha[d] lived as a married community since the birth of their first [c]hild more than 20 years ago";

3

(2) Wife is 40 years old and unable to work due to her disability, and Father is employed as an electrician with a steady income; (3) Wife is unable to meet her needs apart from child support and the adoption subsidy, and she took a $10,000 personal loan to support herself and the children; (4) Husband is able to be self-sufficient and provide for the children while Wife is not able to care for herself or the children; (5) Husband worked fulltime and overtime while Wife raised the children; (6) Husband has sufficient income to support the children while Wife does not; (7) Wife is unable to seek a traditional loan, and she has to receive disability benefits to make ends meet; and (8) Wife would need to expend $500–$600 per month in insurance if she does not qualify for government assistance to keep up with the expenses related to her health conditions and upcoming surgery. The court also required that Wife file an updated AFI if she started receiving disability income or subsidized medical insurance. The court set spousal maintenance at $1,500 per month for 20 years. The decree also allowed the duration and amount of spousal maintenance to be modified. Husband timely appeals.

**DISCUSSION**

¶8         Husband and Wife agree that Wife is entitled to spousal maintenance for a certain amount and duration.[1] Husband objects, however, to the family court's determination of the particular duration and amount of spousal maintenance. The family court has "substantial discretion to set the amount and duration of spousal maintenance." *Rainwater v. Rainwater*, 177 Ariz. 500, 502 (App. 1993). Thus, we review the family court's ruling on spousal maintenance for an abuse of discretion, which occurs if it involves an error of law or the record does not support the award. *Boyle*, 231 Ariz. at 65 ¶ 8. We view the evidence in the light most

---

[1]         Husband nonetheless notes that the family court, in ruling that Wife was entitled to spousal maintenance, erred in basing its ruling in part on the fact that the parties "lived as a de facto married couple for more than 20 years." Spousal maintenance is appropriate if a spouse meets *any* of the statutory grounds under A.R.S. § 25–319(A), however. *Boyle v. Boyle*, 231 Ariz. 63, 65 ¶ 9 (App. 2012) (emphasis added). Because the court found that Wife met three other grounds for spousal maintenance under the statute—which Husband does not contest—any error is harmless. Ariz. R. Fam. Law P. 86 ("At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights."); *see also Walsh v. Walsh*, 230 Ariz. 486, 494 ¶ 24 (App. 2012) (not all errors warrant reversal; this court will reverse only if a party suffers prejudice from the error, and the prejudice "appear[s] affirmatively in the record").

favorable to the family court's order and will affirm its ruling if reasonable evidence supports it. *Id.*

**I.        Duration**

**¶9**        The court did not abuse its discretion in setting the duration of Wife's spousal maintenance at 20 years. Once the court finds that a spouse is entitled to spousal maintenance, it considers "all relevant factors" in A.R.S. § 25–319(B) to determine the amount and duration. Section 25–319(B) presents a non-exclusive list of 13 enumerated factors. "To strike the proper balance," not every factor will apply, but the court abuses its discretion by neglecting an applicable factor. *Rainwater*, 177 Ariz. at 502. The court can also consider other relevant factors, such as a payee spouse's ability to withdraw from retirement accounts, as well as the purpose of spousal maintenance: to achieve financial independence for the payee spouse. *Helland v. Helland*, 236 Ariz. 197, 202–03 ¶¶ 27–30 (App. 2014).

**¶10**        Here, Husband challenges the court's analysis of the "duration of the marriage" factor, arguing that the court ordered a 20-year term of spousal maintenance based on the combined length of the parties' marriage and premarital cohabitation, a duration the record otherwise did not support. Of course, the court found that the parties "were legally married for approximately ten year[s] but have lived as a married community since the birth of their first [c]hild more than 20 years ago." But nothing indicates that the court's statement of this obvious fact weighed much in the court's duration determination. The court made seven other more pertinent findings that indisputably supported a 20-year spousal maintenance period:

        (3)  Wife is 40 years old and unable to work due to her disability, and Father was employed as an electrician with a steady income;

        (4) Wife is unable to meet her needs apart from child support and the adoption subsidy, and she took a $10,000 personal loan to support herself and the children;

        (5) Husband was able to be self-sufficient and provide for the children while Wife is not able to care for herself or the children;

        (6) Husband worked fulltime and overtime while Wife raised the children;

        (8) Husband has sufficient income to support the children while Wife does not;

(9) Wife is unable to seek a traditional loan and she has to receive disability benefits to make ends meet;

(12) Wife would need to expend \$500–\$600 per month in insurance if she does not qualify for government assistance to keep up with the expenses related to her health conditions and upcoming surgery.

¶11 Considering these findings, the court had more than sufficient reasons—regardless whether it also considered the length of the parties' entire relationship as a "married community"—to set a 20-year duration for the payment of spousal maintenance. Not only did the court look at the parties' past efforts, such as Wife's role as a stay-at-home mother and Husband's role as breadwinner, but the court also considered their financial positions going forward to heed the goal of financial independence. Because Wife is unable to work due to a disability that neither party contested, her only source of income is the adoption subsidy, subject to her ability to successfully apply for other government assistance. Husband's financial position, however, effectively remains the same because he continues to have stable employment. Further, the court also knew that after 20 years, Wife would have access to half of Husband's retirement account awarded in the decree. *See Helland*, 236 Ariz. at 202–03 ¶¶ 27–30 (wife who could not work because of her age and health was properly awarded spousal maintenance until age 63, when she could then withdraw from her retirement accounts and receive Social Security benefits). These circumstances taken together show that regardless of the length of the parties' relationship, the court did not err when it set the duration at 20 years. Husband suffered no prejudice. *See* Rule 86; *Walsh*, 230 Ariz. at 494 ¶ 24. The court thus did not abuse its discretion.

**II.      Amount**

¶12 The court also did not abuse its discretion in setting Wife's spousal maintenance at \$1,500 per month. To award spousal maintenance, the court considers the ability of the payee spouse to meet her needs, the payor spouse's ability to pay, and the parties' financial resources under the factors of A.R.S. § 25–319(B). Because of the family court's substantial discretion in setting spousal maintenance, *Rainwater*, 177 Ariz. at 502, we presume that the family court fully considered the evidence in the record in issuing the decree, even if the decree does not detail the relevant evidence considered, *see Fuentes v. Fuentes*, 209 Ariz. 51, 55 ¶ 18 (App. 2004).

¶13 Here, Husband argues that the court erred in not considering his ability to meet his own needs when setting \$1,500 in monthly spousal

maintenance because of its financial impact on him. Husband notes that Wife's income is only slightly less than his after combining the adoption subsidy, child support, and spousal maintenance. The record, however, includes information about both parties' financial positions. Both parties filed their AFI, included information about their financial position in their joint pretrial statement, and testified about their financial positions at the evidentiary hearing. The court also admitted evidence of the parties' income, expenses, and savings during the evidentiary hearing. The dissolution decree provided details about Husband's financial position. We presume, therefore, that the family court considered the evidence before it in calculating the amount and duration of spousal maintenance.

¶14        This case is akin to *Fuentes*. Like Husband here, the husband in *Fuentes* appealed his $1,000 monthly spousal maintenance obligation, arguing that the court did not consider his financial needs. *Id.* at 54 ¶ 6, 55 ¶ 17. Although the family court's decree of dissolution did not provide details about his financial position, this court presumed that the family court considered the evidence before it: the husband had testified about his income, filed a joint pretrial statement that addressed the parties' financial positions, and filed his AFIs. *Id.* at 55 ¶ 18. Further, the wife was able to work parttime, up to 32 hours per week. *Id.* at 53 ¶ 4. Although her spousal maintenance was approximately 22% of Husband's income, this court concluded that the award was proper. *Id.* at 54 ¶¶6, 9, 57 ¶ 29. Here, the spousal maintenance award is approximately 25% of Husband's income, which is not unusual. *See id.; see also Gutierrez v. Gutierrez*, 193 Ariz. 343, 346 ¶ 2, 348 ¶ 14 (App. 1998) (spousal maintenance of approximately 25% of husband's monthly income was proper).

¶15        Moreover, any hardship that Husband may face because of the spousal maintenance order is ameliorated because the amount and duration in the decree is subject to modification. The court also stated that if Wife begins to receive disability income or subsidized medical insurance, then she must file an updated AFI. She had testified that she would apply for these benefits after the dissolution. Any additional income to Wife could affect her spousal maintenance. *See* A.R.S. 25–327(A) (modification proper on showing of substantial and continuing changed circumstances). Including the modification provision indicates that the court had thoroughly calculated the amount of spousal maintenance in the decree. Because reasonable evidence supports the family court's findings, no abuse of discretion occurred.

## CONCLUSION

¶16      For the foregoing reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED:    AA